## PLOWMAN *v.* SATKOWIAK

1. INTOXICATING LIQUORS—DRAMSHOP ACT—SURVIVAL OF ACTIONS—DECEDENTS—PERSONAL REPRESENTATIVE.

A person has a statutory right of action under the dramshop act against a seller of intoxicating liquor for injuries caused by an intoxicated person by reason of an unlawful sale of intoxicating liquor to the person inflicting the injury, and this cause of action survives to the administrator where the injury results in death of the injured person (CLS 1961, § 436.22).

2. INTOXICATING LIQUORS—DRAMSHOP ACT—SURVIVAL OF ACTIONS—PERSONAL REPRESENTATIVE.

Dismissal of dramshop action brought by decedent's administrator in the name of decedent against a defendant who unlawfully sold intoxicating liquor to decedent's companion, with the result that decedent was killed when the automobile driven by decedent's companion was in an accident, on the ground that the administrator had no right of action under the dramshop act, was error (CLS 1961, § 436.22).

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Intoxicating Liquor § 561 *et seq.*
What constitutes "injury in person or property" within civil damage or dramshop act. 6 ALR2d 798.
[2] 45 Am Jur 2d, Intoxicating Liquor § 599.
[3, 4] 39 Am Jur, Pleading § 84.

3. Pleading—Amendment—Limitation of Actions—Court Rules. The court rules now permit amendment of pleadings where the amendment arises out of the conduct, transaction, or occurrence alleged in the original pleading sought to be amended without regard to whether a new cause of action is stated, and the amendment relates back to the date of the original pleading so as not to be barred by an intervening period of limitations; new parties may be added where the original plaintiff had an interest in the subject matter of the controversy in any capacity either before or after the commencement of suit (GCR 1963, 118.4).

4. Pleading—Amendment—New Parties—Court Rule. A motion by a party bringing an action under the dramshop act as an administrator of the estate of a deceased person to amend his pleading so as to add the deceased's mother and father as parties plaintiff may be granted even though a new party is brought into the case as long as the amendment arises out of the conduct, transaction, or occurrence alleged in the original pleading sought to be amended, and the administrator has, in any capacity, either before or after the commencement of suit, an interest in the subject matter of the controversy (GCR 1963, 118.4).

Appeal from Saginaw, Fred J. Borchard, J. Submitted Division 3 November 4, 1969, at Grand Rapids. (Docket No. 5,135.) Decided March 23, 1970.

Complaint by Catherine Plowman, deceased, by her administrator, Vincent A. Scorsone, against Gerald Satkowiak for injuries and death resulting from an automobile accident and against Thomas Dropek, doing business as Tommy's Bar, under the dramshop act. Summary judgment for defendant Dropek. Plaintiff appeals. Reversed and remanded.

*Joseph J. Trogan,* for plaintiff.

Before: Fitzgerald, P. J., and R. B. Burns and Bronson, JJ.

BRONSON, J.   Plaintiff, by her administrator, brought suit in the circuit court for the county of Saginaw.  The suit against defendant Dropek was brought under the liquor control act.*  It is alleged that defendant Dropek unlawfully sold intoxicating beverages to plaintiff decedent, a minor, and further that defendant:

"did encourage, permit, allow and entice [plaintiff decedent]  *  *  *  to accept a ride in the automobile of defendant, Gerald Satkowiak, when defendant, Thomas Dropek, knew that said Gerald Satkowiak, as a result of his intoxicated condition *resulting from the sale of the alcoholic liquor to him* by the defendant, Thomas Dropek, was unable to exercise proper caution for the safety of plaintiff's decedent [*sic*]."

At the pre-trial conference defendant Dropek noted that the plaintiff's action was not proper under the liquor control act and moved for summary judgment.  Plaintiff's attorney then moved to add the deceased's natural mother and father as parties plaintiff.  After hearing oral argument, the trial court held that plaintiff's administrator had no right of action against the defendant Dropek and also denied the motion to add the natural parents as parties plaintiff.  Summary judgment was then entered against the plaintiff in favor of defendant Thomas Dropek.  Plaintiff appeals from that judgment.

The issue raised by plaintiff on appeal is:

Whether it was error for the trial court to enter summary judgment against plaintiff's administrator and to deny plaintiff's motion to add the deceased's parents as parties plaintiff.

---

* CLS 1961, § 436.22 (Stat Ann 1970 Cum Supp § 18.993), also known as the dramshop act.

I.

The trial court evidently felt that Vincent A. Scorsone, decedent's administrator, was the true plaintiff and thus precluded from suing defendant Dropek under the dramshop act.

The trial judge stated that:

"The court is of the opinion that the plaintiff in his capacity as administrator, has no right of action against the defendant retailer of alcoholic beverages, Dropek, under the liquor control act for the reasons and grounds set forth in the case of *Genesee Merchants Bank & Trust Company* v. *Bourrie* (1965), 375 Mich 383."

It is our opinion that the trial court misinterpreted and therefore misapplied the holding in *Genesee Merchants Bank & Trust Company* v. *Bourrie* (1965), 375 Mich 383.

In *Genesee Merchants Bank & Trust Company,* the Court stated at p 389 that, "Under the dramshop act the personal representative of the decedent is not a proper party plaintiff." However, the Court went on to state in *Genesee Merchants Bank* at p 390:

"The only proper posture for this case would have involved the injured parties (for instance, the widow and the guardian of the children of deceased) suing defendants under the dramshop act. A change to that from the *actual plaintiff-chosen posture* of administrator of the estate of decedent as plaintiff under the wrongful death act amounts to the introduction of a new cause of action." (Emphasis added.)

In the present case, unlike *Genesee Merchants Bank,* the decedent, not the administrator, is the plaintiff.

The dramshop act. (CLS 1961, § 436.22 [Stat Ann 1970 Cum Supp § 18.993]) provides that:

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, shall have a right of action in his or her name against the person who shall by such selling or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury * * * *In case of the death of either party, the action or right of action given in this section shall survive to or against his or her executor or administrator,* and in every such action by a husband, wife, child or parent, the general reputation of the relation of husband and wife, or parent and child shall be prima facie evidence of such relation, and the amount so recovered by either husband or wife, or parent and child, shall be his or her sole and separate property." (Emphasis added.)

Clearly, under CLS 1961, § 436.22 plaintiff by her administrator has a right of action against defendant Dropek.

## II.

The trial court denied plaintiff's motion to add new parties, having found that the administrator was not the proper party to bring an action in the present case. The trial court concluded that new parties could not be added as the two-year statute of limitations on actions brought under the liquor control act had run. This conclusion would have been correct had plaintiff's administrator had no right of action against defendant Dropek. It is not true under the holding made here today.

GCR 1963, 118 reads in part:

"Amendments. A party may amend his pleading once as a matter of course at any time before or

within 15 days after a responsive pleading is served
or, if the pleading is one to which no responsive
pleading is required and the action has not been
placed upon the trial calendar, he may amend it at
any time before or within 15 days after it is served.
Otherwise, a party may amend his pleading only by
leave of court or by written consent of the adverse
party. Leave shall be freely given when justice so
requires. All amendments shall be filed in writing,
dated, and numbered consecutively. Unless other-
wise indicated therein, an amended pleading shall
supersede the former pleading." Rule 118.1.

"Relation Back of Amendments. Except for the
purpose of demanding a trial by jury under subrule
508.2, the amendment relates back to the date of the
original pleading whenever the claim or defense as-
serted in the amended pleading arose out of the con-
duct, transaction, or occurrence set forth or at-
tempted to be set forth in the original pleading."
Rule 118.4.

The Supreme Court in *LaBar* v. *Cooper* (1965),
376 Mich 401, 405, 406, quoted the following from 1
Honigman & Hawkins, Michigan Court Rules Anno-
tated (2d ed), p 416:

" 'Subrule 118.4 is intended to introduce a more
liberal and workable test, borrowed from the Federal
rules. See committee comment (5), *supra*. The test
is no longer conceptual, but rather functional. The
amendment relates back to the date of the original
pleading and, therefore, is not barred by limitations,
whenever the claim or defense asserted in the amend-
ment arose out of the conduct, transaction, or oc-
currence set forth or attempted to be set forth in the
original pleading. *It is thus beside the point that the
amendment introduces new facts, a new theory, or
even a different cause of action, so long as it springs
from the same transactional setting as that pleaded
originally.* The new test satisfies the basic policy of
the statute of limitations, because the transactional

base of the claim must still be pleaded before the statute runs, thereby giving defendant notice within the statutory period that he must be prepared to defend against all claims for relief arising out of that transaction.'" (Emphasis supplied.)

In *Doan* v. *Chesapeake & Ohio R. Co.* (1969), 18 Mich App 271, 276, our Court stated that:

"Although recognizing the truth of defendant's assertion that the plaintiff, individually, and plaintiff, as administratrix, are two separate legal entities, *Jordan* v. *C. A. Roberts Company* (1967), 379 Mich 235, (On Rehearing, 1968), 381 Mich 91, this Court is not persuaded that that is determinative of this case."

The Court in *Doan* went on to say, at p 279:

"The test under subrule 118.4 as set forth in *LaBar, supra,* makes it clear that whether or not a new cause of action is stated in the amendment is no longer the question, but rather it is whether the amendment arises out of the conduct, transaction, or occurrence alleged in the original pleading sought to be amended. * * * This Court does, however, approve the limitation appearing in 63 Harvard Law Review 1177, 1239, cited in *Russell* [v. *New Amsterdam Casualty Co.* (CA 8, 1962), 303 F2d 674]:
" 'However, * * * where the plaintiff sues in the wrong capacity some courts have experienced considerable difficulty in avoiding the objection that the original action was void, and have thus disallowed the change of the party plaintiff. Nevertheless, the new plaintiff is today usually allowed to take advantage of the former action if the original plaintiff had, *in any capacity, either before or after the commencement of suit, an interest in the subject matter of the controversy.*' " (Emphasis supplied.)

Under the trial court's interpretation of this case, new parties could not be added. Under our holding

the contrary result is true.  Plaintiff should have been allowed to add new parties.

Reversed and remanded.

All concurred.