ROBERTSON v. DEVEREAUX

OPINION OF THE COURT

1. INTOXICATING LIQUORS—DRAMSHOP ACT—SURVIVAL OF ACTION.

A cause of action under the dramshop act for damages suffered by a person injured by an intoxicated person survives the death of the injured person because of the act's express survival provision, and such an action may be maintained under the dramshop act in the name of the personal representative of the injured person; the cause of action under the dramshop act is not limited by the rule that where personal injuries cause death, the action must be prosecuted under the wrongful death and survival statutes and may not be continued even if the action is commenced during the lifetime of the injured plaintiff (MCLA §§ 436.22, 600.2921, 600.2922).

2. DEATH—WRONGFUL DEATH—CAUSE OF ACTION.

A wrongful death action may be maintained only if the decedent could have recovered in his own name had he survived (MCLA § 600.2922).

3. ACTION—PLAINTIFF'S FAULT—DRAMSHOP ACT—WRONGFUL DEATH ACT.

A dependent's recovery is barred by the fault of the injured plaintiff under the wrongful death act; but under the dramshop act, dependents may recover damages even though the

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 7] 45 Am Jur 2d, Intoxicating Liquors § 594.
Right of action at common law for damages sustained by plaintiff in consequence of sale or gift of intoxicating liquor or habit-forming drugs to another. 75 ALR2d 833.
Survival of action or cause of action under civil damage acts. 94 ALR2d 1140.
[2] 22 Am Jur 2d, Death § 23.
[3, 4] 45 Am Jur 2d, Intoxicating Liquors §§ 564, 588.
[3] Right to recover under civil damage or dramshop act for death of intoxicated person. 64 ALR2d 705.
[6] 45 Am Jur 2d, Intoxicating Liquors § 608 et seq.

decedent upon whom they are dependent was intoxicated or
at fault (MCLA §§ 436.22, 600.2922).

4. ACTION—FAULT—DRAMSHOP ACT—WRONGFUL DEATH ACT.
   The plaintiff must prove that defendant was at fault to recover
   under the wrongful death act; under the dramshop act, there
   is no need to prove that a defendant tavern owner was at
   fault, only an unlawful sale causally related to plaintiff's loss
   (MCLA §§ 436.22, 600.2922).

5. PARTIES—INTOXICATING    LIQUORS—DRAMSHOP    ACT—PERSONAL
   REPRESENTATIVE—STANDING.
   A personal representative of a decedent whose cause of action
   is based on the dramshop act is a proper party plaintiff to
   recover damages in the interests of the decedent for the
   injury the decedent suffered (MCLA § 436.22).

6. INTOXICATING LIQUORS—DRAMSHOP ACT—DAMAGES.
   A cause of action accruing to a decedent under the dramshop
   act cannot be the basis for the recovery of damages for the
   loss of services to the decedent's parents nor the loss of his
   love and companionship (MCLA § 436.22).

DISSENT BY O'HARA, J.

7. PARTIES—INTOXICATING    LIQUORS—DRAMSHOP    ACT—PERSONAL
   REPRESENTATIVE—STANDING.
   *The Michigan Supreme Court has unequivocally held that "under
   the dramshop act the personal representative of the decedent
   is not a proper party plaintiff".*

Appeal from Wayne, Joseph A. Moynihan, J.
Submitted Division 1 December 7, 1970, at Detroit.
(Docket No. 7557.)   Decided March 29, 1971.

Complaint by Irma A. Robertson, as administra-
trix of the estate of her son Steven Robertson, for
damages for the injuries suffered by and the death
of Steven, against Daniel G. Devereaux, Sam Y,
Inc., and Stewart G. Phillips.  Summary judgment
for defendant Sam Y, Inc.  Plaintiff appeals.  Re-
versed and remanded for trial.

*Charles R. Taylor,* for plaintiff.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr* (by *Buell Doelle* and *Susan L. Haroutunian*), for defendant Sam Y, Inc.

Before: LESINSKI, C. J., and LEVIN and O'HARA,[*] JJ.

LEVIN, J. Steven Robertson, 16 years of age, was killed when an automobile in which he was riding as a passenger collided with another automobile. His mother, Irma A. Robertson, as executrix of his estate, commenced this action against a beer and wine licensee, Sam Y, Inc., and against Daniel G. Devereaux, the driver, and Stewart G. Phillips, the owner of the automobile in which Steven was riding.

The issues raised on this appeal concern only plaintiff's claim against Sam Y. The complaint alleges that Sam Y made illegal sales of beer to Devereaux, who was a minor, that Devereaux became intoxicated, and that he drove the automobile in a grossly negligent manner. The plaintiff claims that Sam Y is liable under the dramshop act[1] "for

---

[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 463.22 (Stat Ann 1970 Cum Supp § 18.993). See fn 4 for text.

Alternatively to the principal issue (plaintiff's standing to maintain this action), Sam Y contends that the summary judgment in its favor should be affirmed because Steven Robertson was not an innocent party. It is alleged that Steven was one of a group of four under-age high school boys who contrived a plan to obtain a case of beer one evening while they were driving around the city and that Steven was one of the boys who executed the plan and drank the beer.

Our disposition of this case makes it unnecessary for us to consider and decide whether the distinction in the dramshop act cases between innocents and non-innocents has any application to a 16-year-old boy. What little there is in the record does not factually support a summary judgment on the alternative ground.

all damages pleaded for the death of Steven Robertson".[2]

The trial court granted Sam Y's summary judgment motion on the ground that the personal representative of a deceased person is not a proper party plaintiff under the dramshop act.

The trial court and Justice O'HARA are of the view that decision in this case is controlled by the statement of our Supreme Court in *Genesee Merchants Bank & Trust Company* v. *Bourrie* (1965), 375 Mich 383, 389, that "under the dramshop act the personal representative of the decedent is not a proper party plaintiff."

We read *Bourrie* differently. There the Supreme Court held that the survivors of Duane B. Owings, the deceased person who had become intoxicated in the defendant taverns and while in that condition was killed in an automobile accident, could not maintain an action for their loss against the taverns under the wrongful death act. Their remedy, said the Court, was the special remedy provided in the dramshop act. *Bourrie* also holds that survivors

A toxicologist in the Wayne County medical examiner's office was deposed, and he testified that he found no trace of alcohol upon an examination of the body of Steven Robertson.

It does appear from the depositions that Steven was one of three boys riding around as passengers in Devereaux's car, but this alone would not support the view that he was part of an illegal "conspiracy" to order and drink beer or that he participated in the fruits of the conspiracy. True, Harold Primak, a part-time delivery boy for Sam Y and a classmate of the four boys, testified on deposition that "they all chipped in". However, he was then asked, "How do you know that?", to which he responded, "Well they wouldn't be arguing, you know, who would pay or anything like that, unless, you know, one guy must not have had enough, or something like that". We think it obvious that Primak was guessing and that this testimony would not support a summary judgment based on a finding that there is not a genuine issue of fact as to whether Steven Robertson was innocent.

2 The complaint alleges that it is an action "for the personal injuries suffered by Steven Robertson, for pain which he suffered to his ultimate death, funeral expenses, burial expenses, the loss of service to his parents, and the loss of his love and companionship".

and dependents can only assert their claims under the dramshop act in their own names, not through a personal representative of the deceased person.[3]

In the instant case the claim is not advanced on account of damages suffered by survivors or dependents, but in the interest of the injured person himself for the damages he himself suffered. If Steven Robertson had only been maimed he clearly would have a right to maintain an action for the damages he suffered. His death does not prevent a personal representative from advancing Steven's claim to recover for the damages he suffered. Steven's cause of action survives under an express provision of the dramshop act. The act provides in crystal-clear language:

"In case of the death of either party, the action or right of action given in this section shall survive to or against his or her executor or administrator."[4]

---

[3] "The only proper posture for this case would have involved the injured parties (for instance, the widow and the guardian of the children of deceased) suing defendants under the dramshop act." *Genesee Merchants Bank & Trust Company* v. *Bourrie* (1965), 375 Mich 383, 390.

[4] The full text of the dramshop act reads:

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, shall have a right of action in his or her name against the person who shall by such selling or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury, and the principal and sureties to any bond given under this law shall be liable, severally and jointly, with the person or persons selling, giving or furnishing any spirituous, intoxicating or malt liquors as aforesaid, and in any action provided for in this section, the plaintiff shall have the right to recover actual and exemplary damages in such sum not less than $50.00 in each case as the court or jury may determine, but no surety shall be liable in excess of the amount of the bond required by this act. Any action shall be instituted within 2 years after the happening of the event. In case of the death of either party, the action or right of action given in this section shall survive to or against his or her executor or administrator, and in every such action by a husband, wife, child or parent, the general reputation of the relation of husband and wife or parent and child shall be prima facie evidence of such relation, and the amount so recovered by either husband

In *Plowman* v. *Satkowiak* (1970), 22 Mich App 425, 428, on parallel facts, another panel of our Court construed the quoted provision to permit the personal representative of an injured person who died to advance a claim under the dramshop act.[5]

The appellate division for the fourth department, New York Supreme Court, ruled similarly in construing the New York dramshop act, which is substantially identical to our act; the clause concerning survival of actions is identical to ours.[6] *Bator* v. *Barry* (1953), 282 App Div 324, 326 (122 NYS2d 604). The New York Court declared that the statutory language was so plain and clear, "it is difficult to understand the theory upon which the defendant

---

or wife or parent and child shall be his or her sole and separate property. Such damages together with the costs of suit shall be recovered in an action of trespass on the case before any court of competent jurisdiction; and in any case where the parent shall be entitled to any such damages, either the father or mother may sue alone therefor, but recovery by one of such parties shall be a bar to suit brought by the other. The bond required by this act shall continue from year to year unless sooner cancelled by the surety. No surety shall cancel any bond except upon 10 days' written notice to the commission." MCLA § 436.22 (Stat Ann 1970 Cum Supp § 18.993).

[5] In *Plowman* we considered *Bourrie* and the provision in the dramshop act expressly providing for the survival of the claim in the event of the death of "either party" (see fn 4 and accompanying text for the language of this provision), and held that the administratrix of the estate of a deceased minor, to whom a tavern owner had made an unlawful sale of intoxicating beverages, may maintain an action under the dramshop act against the tavern owner.

[6] The New York statute does contain some additional language underlined below, *viz.*:

"Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, * * * ." The underlined words would appear to modify "by reason of the intoxication of any person", not "any person who shall be injured"; the death referred to being that of the intoxicated person rather than of the injured person. In any event, the New York Court did not rely on the underlined words but on the survival clause in holding that an action could be maintained under the dramshop act by the administrator of a person injured by an intoxicated person who died enroute to the hospital shortly after an automobile collision.

seeks a reversal of the order" of the trial court deny-
ing defendant's motion to dismiss the complaint.

In *Zucker* v. *Vogt* (CA2, 1964), 329 F2d 426, the
United States Court of Appeals for the Second
Circuit, in construing the Connecticut dramshop
act, reached the same result even though the Con-
necticut act does not expressly provide for the sur-
vival of actions; the Court relied on Connecticut's
general survival of actions statute.[7]     Similarly, see
*Wendelin* v. *Russell* (1966), 259 Iowa 1152 (147
NW2d 188).

The *Bourrie* rule serves well in the factual con-
text there presented.     A wrongful death action may
be maintained only if the decedent could have recov-
ered in his own name.     Frequently, as in *Bourrie,*
the deceased person was himself intoxicated at the
time he suffered physical injuries and cannot re-
cover because of his own fault; under the dramshop
act his dependents may, nevertheless, recover even
though the decedent upon whom they are dependent
was intoxicated or at fault.     Under the wrongful
death act, the plaintiff must prove that the defend-
ant was at fault; under the dramshop act, there is
no need to prove that a defendant tavern owner
was at fault, only an unlawful sale causally related
to plaintiff's loss.

The statement in *Bourrie* that "under the dramshop
act the personal representative of the decedent is
not a proper party plaintiff" refers to an action by
dependents seeking to enforce their claim for loss
of means of support.     In making that statement,
the Court did not address itself to any factual situ-

---

[7] The policy that actions shall survive has been made universally
applicable to all actions and claims in the revised judicature act.
It provides: "All actions and claims survive death".     MCLA § 600-
.2921 (Stat Ann 1962 Rev § 27A.2921).     This all-embracive language
replaced the provision in the Judicature Act of 1915 which provided
for survival of only certain kinds of actions.     See committee com-
ment reprinted as annotation, 33 MCLA, p 730; 22 Stat Ann, p 129.

ation other than the one before it. The Court did
not focus on the claim of a non-dependent seeking
to recover for physical injury to his person or prop-
erty. Clearly, a person physically injured by an
intoxicated person as a result of an unlawful sale
has a claim under the dramshop act, and just as
clearly under the express language of the act the
action survives even if the claimant should die.

There is a substantial question regarding the
amount of damages the plaintiff may recover. It
appears that Steven Robertson died immediately
upon or shortly after the accident.[8] The briefs do
not discuss the damage question and we intimate
no opinion,[9] except that Steven's claim which sur-
vived would not include damages for "the loss of
services to his parents and the loss of his love and
companionship" which were among the items of
damage alleged in the complaint (see footnote 2).

Reversed and remanded for trial. Costs to plain-
tiff.

O'HARA, J. (*dissenting*). Plaintiff, mother of
Steven Robertson and executrix of his estate,

[8] *Cf. Nelson* v. *Glover* (1925), 231 Mich 229; *Micks* v. *Norton*
(1931), 256 Mich 308; *In re Beiersdorfer's Estate* (1941), 297 Mich
592.

[9] In Michigan, where personal injuries cause death the action must
be prosecuted under the wrongful death act and may not be con-
tinued, even if the action is commenced during the lifetime of the
injured plaintiff, after his death under the survival act (MCLA §§
600.2921, 600.2922 [State Ann 1962 Rev § 27A.2921, 1970 Cum Supp
§ 27A.2922]).

But this limitation does not control where the claim arises under
the dramshop act which has its own special survival provision. *Cf.
Genesee Merchants Bank & Trust Company* v. *Bourrie, supra.*

This limitation in the survival and death acts serves to avoid
redundancy in the damages awarded under the survival and death
acts. In applying the dramshop act the objectives of awarding full
compensation and avoiding redundancy will, no doubt, be accomplished
by judicial construction; principles developed in like situations may
be relevant: McCormick, Damages, § 94, p 337, *et seq.*; Prosser,
Law of Torts (3d ed), § 121, p 928, *et seq.*; authorities cited in
Speiser, Recovery for Wrongful Death, § 14.4, fn 14, *et seq.*

brought suit under the dramshop act, MCLA § 436.22 (Stat Ann 1970 Cum Supp § 18.993). Plaintiff's decedent was killed in an automobile crash while riding as a passenger.

Defendant, Sam Y, Inc., filed a motion for summary judgment on the ground that the plaintiff executrix was not the proper party to bring this action under the provisions of the dramshop act.

The sole question on appeal is whether the personal representative of the decedent is a proper party plaintiff under the dramshop act.

It became apparent after our first post-hearing conference that I would represent a minority view. I will be brief.

I accord to our Supreme Court the natural, normal, everyday meaning of its decisional language. I do the same in the interpretation of a statute in an attempt to ascertain legislative intent. *Ergo,* when the Supreme Court says unequivocally, "under the dramshop act the personal representative *of the decedent* is not a proper party plaintiff", *Genesee Merchants Bank & Trust Company* v. *Bourrie* (1965), 375 Mich 383, 389 (emphasis supplied), to me it meant exactly what it said. I find no occasion to seek out esoteric differentiations which would render this clear decisional language applicable here, inapplicable there, and possibly applicable or inapplicable somewhere else. Such is the plague of our profession.[1]

I would affirm the trial judge. Costs to the defendants.

---

[1] I am not unaware of *Plowman* v. *Satkowiak* (1970), 22 Mich App 425. I do not attempt to reconcile the unreconcilable.