HAYES-ALBION CORPORATION v WHITING CORPORATION

Docket No. 110961. Submitted December 21, 1989, at Lansing. Decided July 2, 1990.

Hayes-Albion Corporation sustained damage to its foundry when a furnace manufactured by Whiting Corporation overturned. American Protection Insurance Company, Hayes-Albion's insurer, paid Hayes-Albion for part of its losses. American and Hayes-Albion entered into a proration agreement, by which they agreed to divide any expenses incurred and recovery obtained in litigation of any action against a third party. Hayes-Albion brought an action against Whiting in the Calhoun Circuit Court. American was added as a plaintiff on Hayes-Albion's motion to amend the complaint. The matter proceeded to mediation, where an award in favor of Hayes-Albion was accepted by Hayes-Albion and Whiting, and an award in favor of American was accepted by American but rejected by Whiting. Following a bench trial at which evidence of the mediation awards was admitted, the court, James C. Kingsley, J., entered a judgment of no cause of action, finding that the claim was barred by the statute of limitations. Plaintiffs appealed.

The Court of Appeals held:

1. The addition of a plaintiff through an amendment of the complaint relates back to the date of the original complaint such that the defendant may not raise the statute of limitations as a defense where, as here, the original plaintiff had an interest in the subject matter of the controversy, the defendant had notice of the interest of the added plaintiff, and the added plaintiff's claim arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original complaint.

2. Evidence of a mediation evaluation and its acceptance or rejection by the parties is inadmissible in a nonjury trial.

3. In view of the proration agreement between Hayes-Albion

REFERENCES

Am Jur 2d, Limitation of Actions § 236; Parties §§ 37, 38.
See the Index to Annotations under Amendment of Pleadings; Insurance and Insurance Companies; Real Party in Interest.

and American, even if American could not properly be added as a plaintiff in this action, Hayes-Albion would not be barred from seeking recovery for the "insurance paid" portion of its losses by the court rule requiring that an action be prosecuted in the name of the real party in interest.

Reversed and remanded.

1. PLEADING — AMENDMENT OF PLEADING — ADDITIONAL PLAINTIFFS — LIMITATION OF ACTIONS — COURT RULES.

The addition of a plaintiff through an amendment of the complaint relates back to the date of the original complaint such that the defendant may not raise the statute of limitations as a defense where the original plaintiff had, in any capacity, an interest in the subject matter of the controversy, the defendant had notice of the interest of the added plaintiff, and the added plaintiff's claim arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original complaint (MCR 2.118[D]).

2. EVIDENCE — MEDIATION EVALUATIONS — NONJURY TRIALS — COURT RULES.

In a nonjury trial, evidence of a mediation evaluation and its acceptance or rejection by the parties may not be admitted (MCR 2.403[N][2]).

3. PARTIES — REAL PARTIES IN INTEREST — INSURANCE — COURT RULES.

The rule which provides that an action must be prosecuted in the name of the real party in interest does not prevent a party insured for property loss from maintaining an action solely in its name to seek recovery of all losses, insured and uninsured, from a third party where the insured and its insurer, instead of a subrogation agreement, have entered into an agreement to divide between themselves the expenses of litigation and any recovery from the third party (MCR 2.201[B][1]).

*McCroskey, Feldman, Cochrane & Brock, P.C.* (by *Thomas D. Geil* ) and *Leahy & Eisenberg, Ltd.* (by *Stephen P. Eisenberg*), for plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *David O. Haughey*), for defendant.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and G. S. ALLEN,* JJ.

G. S. ALLEN, J., Plaintiffs appeal as of right from a circuit court judgment of no cause of action entered following a bench trial. The trial court found that the amendment to the complaint adding plaintiff American Protection Insurance Company did not relate back to the date when plaintiff Hayes-Albion Corporation filed the original complaint in this matter, and thus American's claim was barred by the statute of limitations. The court also determined that Hayes-Albion's full claim had been settled by the acceptance of a mediation award. We reverse.

On August 26, 1981, a furnace manufactured by defendant overturned in Hayes-Albion's foundry, dumping approximately one hundred tons of molten metal and causing property damage claimed to be in excess of $2,227,362.71. American, Hayes-Albion's insurer, paid claims of $1,966,770, and a subrogation agreement was entered. Subsequently, on February 11, 1982, Hayes-Albion and American entered a proration agreement (which they claim supersedes the subrogation agreement), which established a division of expenses incurred, and any recovery obtained, in any actions against third parties.

On May 26, 1983, Hayes-Albion filed suit in federal court against defendant and several others, which was dismissed because of the discovery of other parties who, if joined, would destroy diversity of citizenship. On August 24, 1984, Hayes-Albion filed suit in Calhoun Circuit Court.

On March 3, 1986, defendant moved for partial summary disposition, alleging that American was

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

the only real party in interest. Following a hearing, the court denied defendant's motion, finding that the matter was an issue of joinder rather than of real party in interest. It then determined that American should be joined, although the statutory period of limitation on the claim had run. Hayes-Albion subsequently filed an amended complaint adding American as a plaintiff. Defendant then filed its answer and consent to plaintiffs' first amended complaint, preserving its defenses as to both plaintiffs.

On May 19, 1986, the case went to mediation, by which time settlement had been made by all defendants except defendant Whiting. The mediators issued awards in favor of Hayes-Albion for $155,000 and American for $750,000. The Hayes-Albion award was accepted by both Hayes-Albion and defendant, and the American award was accepted by American but was rejected by defendant.

On or about July 17, 1986, the parties filed a stipulation which formed the basis on which a bench trial was to take place. In pertinent part, the parties agreed: (1) that Hayes-Albion and American had entered a "proration agreement," which was acknowledged as bona fide and genuine; (2) that defendant agreed to pay $155,000 in full and final settlement of the portion of plaintiffs' claim referred to as "uninsured loss" in the proration agreement (the amount to be paid to each plaintiff was specified);[1] and (3) that with respect to the "insurance paid" portion, defendant owed $750,000 to plaintiffs (the amount to be paid to each plaintiff was again specified) unless the claim was barred by the statute of limitations. Thus, the single issue was whether the statute of limitations defense would bar recovery.

---

[1] Defendant subsequently paid the $155,000 as required by the stipulation.

On the first day of trial, defendant stated that it was not raising the statute of limitations defense against Hayes-Albion, despite the stipulation in which the parties had agreed that the only defense being raised against plaintiffs' claim was the statute of limitations. In addition, plaintiffs successfully moved to strike any reference to, and preclude the introduction of evidence on, the mediation. On the second day of trial, the trial court refused to admit certain of defendant's exhibits which included the mediation evaluation and letters of acceptance and response. On the third day of trial, defendant again sought to admit these exhibits, but the trial court would not allow it. Nonetheless, moments later the court inexplicably reversed itself, ruling that the documents were admissible because they were relevant. At the conclusion of trial, the trial court held that Hayes-Albion's acceptance of the $155,000 mediation award put that claim to rest, and that American's claim was barred by the statute of limitations.

I

The first issue before us is whether the trial court erred when it determined that the amended complaint adding American as a party plaintiff did not relate back to the date of the original complaint, and thus American's recovery was barred by the statute of limitations.

MCR 2.118(D) provides:

Except to demand a trial by jury under MCR 2.508, an amendment relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading.

There is a limited number of Michigan cases regarding the addition of plaintiffs to an action after the statutory period of limitation has run. Several of the existing cases involve the situation where a plaintiff sues in the wrong capacity. See *Doan v Chesapeake & Ohio R Co,* 18 Mich App 271; 171 NW2d 27 (1969) (plaintiff had originally sued in her individual capacity as wife of deceased in a wrongful death action, and sought amendment to sue in her capacity as personal representative of the deceased's estate), and *Stamp v Mill Street Inn,* 152 Mich App 290; 393 NW2d 614 (1986), lv den 426 Mich 882 (1986) (plaintiff had originally sued in her capacity as personal representative of a decedent's estate in a dramshop action, and sought amendment in order to sue in her individual capacity as the decedent's wife). The *Doan* Court, *supra,* p 279, quoting with approval Developments in the Law—Statutes of Limitations, 63 Harvard L R 1177, 1239 (1950), stated:

> However, . . . where the plaintiff sues in the wrong capacity some courts have experienced considerable difficulty in avoiding the objection that the original action was void, and have thus disallowed the change of the party plaintiff. Nevertheless, the new plaintiff is today usually allowed to take advantage of the former action if the original plaintiff had, *in any capacity, either before or after the commencement of suit, an interest in the subject matter of the controversy.* [Emphasis in *Doan.*]

See also *Stamp, supra,* pp 298-299, and *Plowman v Satkowiak,* 22 Mich App 425, 431; 177 NW2d 641 (1970).

In *Plowman, supra,* pp 430-431, the Court quoted from *LaBar v Cooper,* 376 Mich 401, 405-406; 137 NW2d 136 (1965), which in turn quoted 1 Honig-

man & Hawkins, Michigan Court Rules Annotated (2d ed), p 416, as follows:

> Subrule 118.4 [now MCR 2.118(D)] is intended to introduce a more liberal and workable test, borrowed from the Federal rules. See committee comment (5), *supra*. The test is no longer conceptual, but rather functional. The amendment relates back to the date of the original pleading and, therefore, is not barred by limitations, whenever the claim or defense asserted in the amendment arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *It is thus beside the point that the amendment introduces new facts, a new theory, or even a different cause of action, so long as it springs from the same transactional setting as that pleaded originally.* The new test satisfies the basic policy of the statute of limitations, because the transactional base of the claim must still be pleaded before the statute runs, thereby giving defendant notice within the statutory period that he must be prepared to defend against all claims for relief arising out of that transaction. [Emphasis in *Plowman.*]

The *Plowman* Court applied the rule set forth in *Doan* above in a broader context than a party suing in the wrong capacity. There, the plaintiff, by her administrator, brought suit against the defendant under the liquor control act. The defendant moved for summary judgment on the ground that the plaintiff's action was not proper under the liquor control act. The plaintiff then moved for the addition of her parents as plaintiffs. The trial court held that the plaintiff's administrator had no right of action against the defendant, and denied the plaintiff's motion to add her parents as plaintiffs because the statutory period of limitation had run. This Court found that the plaintiff, not the administrator, was the actual plaintiff, and she did

have a right of action against defendant. In addition, this Court concluded that the trial court had erred in interpreting the *Doan* rule, and held that new parties could be added. *Plowman, supra,* pp 431-432. See also *Matson v Soronen,* 57 Mich App 190; 226 NW2d 52 (1974), lv den 394 Mich 762 (1975).

A key consideration in whether the court will allow the addition of a plaintiff is whether the defendant had notice within the statutory period of the "added" plaintiff and his claims. See *Stamp, supra,* pp 299-300; *Matson, supra,* p 195. If the defendant had the requisite notice of the "added" plaintiff, and since the transactional base of the claim would have been pled before the period of limitation ran, see *Plowman, supra,* quoting 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 416, the defendant would be prepared to defend all claims arising out of the transaction and would not be prejudiced by the addition of a plaintiff.

Although Michigan's relation back rule was borrowed from FR Civ P 15(c), the federal rule now has an additional provision addressing the addition of party defendants, thus making the application of the rule to plaintiffs easier by analogy.[2] However, we find that the interpretation of the

[2] The text of FR Civ P 15(c) is as follows:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

federal rule as applied to adding plaintiffs is helpful in looking at the question before us.

> As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. This seems particularly sound inasmuch as the courts will require the scope of the amended pleading to stay within the ambit of the conduct, transaction, or occurrence set forth in the original pleading. [6A Wright, Miller & Kane, Federal Practice & Procedure (2d ed), § 1501, pp 154-155.]

Thus, we find that where the original plaintiff had, in any capacity, an interest in the subject matter of the controversy, the defendant had notice of the interest of the person sought to be added as a plaintiff, and the new plaintiff's claim arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, then a new plaintiff may be added and the defendant is not permitted to invoke a limitations defense. In the present case, defendant learned of American's interest in the action while the earlier federal case was pending, and remained aware of that interest throughout the instant action. American's claim arises out of the same transaction as set forth in Hayes-Albion's original complaint, and defendant was prepared to defend the claim and would not be prejudiced by the addition of American as a plaintiff. Further, Hayes-Albion clearly had an interest in the subject matter of the controversy from the beginning. Therefore, the relation back doctrine should apply and defendant should not be permitted to invoke a limitations defense.

Defendant argues that MCL 500.2836(4); MSA 24.12836(4) precludes American from recovery. That statute provides:

> Whenever an insurer is entitled by the terms of the Michigan standard policy to subrogation against a third party, this shall be considered to include contractual as well as tort rights of action, but only to the extent of the loss. *An action may be maintained by either the insured or insurer or by both of them jointly, to recover their respective portions of the loss.* [Emphasis added.]

However, with the relation back doctrine applicable, American has brought its own claim to recover its respective portion of the loss, as required by the statute.

The trial court erred in determining that American was precluded from pursuing its claim because of the statute of limitations.

II

Even if the relation back doctrine were not applicable to spare American's claim, we would find that the trial court erred in several other respects which would require reversal.

First, it was error for the trial court to allow admission of the mediation evaluation and related documents as evidence. MCR 2.403(N)(2) provides:

> The mediation clerk shall place a copy of the mediation evaluation and the parties' acceptances and rejections in a sealed envelope for filing with the clerk of the court. In a nonjury action, the envelope may not be opened and the parties may not reveal the amount of the evaluation until the judge has rendered judgment.

Thus, the trial court clearly erred in this regard.

Second, the trial court erred in finding that Hayes-Albion's settlement of the "uninsured loss" portion of the $155,000 was full settlement of all of Hayes-Albion's claims. This failed to recognize Hayes-Albion's claim in the $750,000 "insurance paid" portion of plaintiffs' claim.

Clearly, the stipulation of the parties recognized the proration agreement between Hayes-Albion and American. The stipulation specifically recognized that the $750,000 portion of the possible damages was to be divided between Hayes-Albion and American according to specified, prorated amounts. In addition, the parties stipulated to four possible judgments, one of which was:

> Judgment of no cause for action in favor of Whiting Corporation against plaintiff American Protection Insurance Company, together with judgment for Hayes-Albion Corporation in the amount of $750,000.00 including all pre-judgment interest and costs, such judgment to draw interest at the rate of ten (10%) percent per annum compounded annually, computed from May 27, 1986.

Thus, defendant recognized Hayes-Albion's interest in this portion of the claim. Since defendant stated at the start of trial that the statute of limitations defense was not going to be raised against Hayes-Albion, Hayes-Albion was entitled to go forward on the $750,000 portion of the claim.

Defendant argues that Hayes-Albion was not a real party in interest, MCR 2.201(B), to the "insurance paid" portion of the claim. The stipulation entered into by defendant belies this position. As noted above, the stipulation agreement recognized that Hayes-Albion had an interest in that portion of plaintiffs' claim. Further, MCR 2.201(B)(1) states:

An action must be prosecuted in the name of the real party in interest, subject to the following provisions:

(1) A personal representative, guardian, conservator, trustee of an express trust, *a party with whom or in whose name a contract has been made for the benefit of another,* or a person authorized by statute may sue in his or her own name without joining the party for whose benefit the action is brought. [Emphasis added.]

The parties agreed in the stipulation that any recovery would be divided between Hayes-Albion and American according to the proration agreement. Thus, by the stipulation, defendant recognized that a contract between Hayes-Albion and American existed by which any recovery would be divided between them, regardless of the named plaintiff(s). Thus, Hayes-Albion was a real party in interest for the "insurance paid" portion of the claim, and the trial court erred in not recognizing that interest. While defendant cites and interprets MCL 500.2836(4); MSA 24.12836(4) as stating that each party to a subrogation agreement must maintain an action for their respective portion of the loss, Hayes-Albion and American clearly entered into a proration agreement subsequent to the subrogation agreement, which defendant recognized as "bona fide and genuine" in the stipulation. The parties stipulated to recognize and, in essence, be bound by the proration agreement and, thus, the statute regarding subrogation agreements does not apply.

III

Since the only issue to be tried by the trial court, by stipulation, was whether American's claim was barred by the statute of limitations, and

this Court finds that it was not barred by virtue of the relation back rule, and this Court further finds that Hayes-Albion had an interest in the $750,000 portion of plaintiffs' claim and was a real party in interest in regard to that portion of the claim, we reverse the trial court's judgment and remand for entry of judgment pursuant to § 7(d) of the parties' stipulation agreement as follows:

> Judgment for Hayes-Albion Corporation and American Protection Insurance Company in the amount of $750,000.00 including all pre-judgment interest and costs, such judgment to draw interest at the rate of ten (10%) percent per annum compounded annually, computed from May 27, 1986.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.