HURT v MICHAEL'S FOOD CENTER, INC

Docket Nos. 174184, 174193. Submitted September 16, 1996, at Detroit. Decided November 22, 1996, at 9:00 A.M. Leave to appeal sought.

Vincent Hurt brought an action in the Wayne Circuit Court against Michael's Food Center, Inc., alleging and seeking damages for false imprisonment and assault and battery after a security guard and a stockboy of the defendant detained Hurt and Darrell Hicks for suspected shoplifting. By amended complaint, Hicks was added to the action as a plaintiff alleging and seeking damages for false imprisonment and malicious prosecution. The defendant moved for summary disposition of Hicks' claim of false imprisonment, arguing that it was barred by the applicable two-year statute of limitations. The court, Claudia House Morcom, J., denied the motion. Mediation resulted in an evaluation for the plaintiffs of less than $10,000 in damages. The parties rejected the evaluation, and the case was remanded for trial in the 36th District Court, John Cozart, J., which eventually entered judgments on jury verdicts and awards of damages for the plaintiffs. The Wayne Circuit Court, William Leo Cahalan, J., affirmed the district court judgment for Hurt, but reversed the district court judgment for Hicks, ruling that Hicks' claim of false imprisonment was barred by the statute of limitations and that the defendant was denied a fair trial when that claim was submitted to the jury along with the claim of malicious prosecution. The defendant appealed by leave granted, and Hurt and Hicks cross appealed, the circuit court's affirmance of the district court judgment for Hicks. Hicks appealed by leave granted, and the defendant cross appealed, the circuit court's reversal of the district court judgment for Hicks. The appeals were consolidated.

The Court of Appeals *held*:

1. The circuit court correctly ruled that the district court abused its discretion by not allowing the defendant to impeach Hicks' credibility with evidence of an unrelated conviction of armed robbery. The district court incorrectly determined that such evidence is irrelevant on the ground that the armed robbery had occurred after the alleged false imprisonment. The evidence was admissible under MRE 609 for impeachment purposes. Evidence of Hicks' armed robbery conviction is also admissible under MRE 401 as substantive evidence relevant to the issue of Hicks' damages. The

circuit court erred in ruling that the district court did not abuse its discretion in not allowing the defendant to use Hicks' armed robbery conviction as substantive evidence with regard to the issue of Hicks' damages. The disallowance of evidence of Hicks' armed robbery conviction requires the reversal not only of the judgment for Hicks but also of the judgment for Hurt because the trial involved a credibility contest among the witnesses.

2. With respect to Hicks' argument that under MCR 2.118(D) the amendment of the complaint to add him as a party related back to the date of the original complaint because the added claims asserted in the amended complaint arose out of the conduct, transaction, or occurrence set forth in the original pleading, Administrative Order No. 1996-4 compels the Court of Appeals to follow the holding in *Employers Mutual Casualty Co v Petroleum Equipment, Inc*, 190 Mich App 57 (1991), that the relation-back doctrine does not extend to the addition of new parties. Were it not for the administrative order, the Court of Appeals would hold that the doctrine applies to the addition of a new plaintiff where, as here, the original plaintiff had an interest in the subject matter of the controversy, the defendant had notice of the interest of the person sought to be added as a plaintiff, and the new plaintiff's claim arises out of the conduct, transaction, or occurrence set forth in the original pleading.

3. The defendant was not denied a fair trial by the district court's refusal to rule on objections in the security guard's videotaped deposition.

4. The district court's other evidentiary rulings did not deny the defendant a fair trial.

5. The district court did not err in denying the defendant's motion for directed verdicts with respect to the plaintiffs' claims.

6. The chief judge of the Wayne Circuit Court did not err in disqualifying the original circuit judge from deciding the defendant's appeal in the circuit court.

Affirmed in part, reversed in part, and remanded for further proceedings in the district court.

*Raymond E. Willis*, for the plaintiffs.

*O'Leary, O'Leary, Jacobs, Mattson, Perry & Mason, P.C.* (by *John P. Jacobs*), for the defendant.

Before: WAHLS, P.J., and FITZGERALD and L. P. BOR-RELLO,* JJ.

PER CURIAM. Following a jury trial in December 1989, the 36th District Court entered judgments of $115,000 in favor of plaintiff Vincent Hurt and $175,000 in favor of plaintiff Darrell Hicks. On appeal, the Wayne Circuit Court affirmed Hurt's judgment, but reversed Hicks' judgment on the ground that defendant Michael Food Centers, Inc., was denied a fair trial when Hicks' time-barred claim for false imprisonment went to the jury along with his claim of malicious prosecution and remanded Hicks' case for further proceedings in the district court. In these consolidated cases, defendant appeals by leave granted, and plaintiffs cross appeal, the circuit court's affirmance of Hurt's judgment, while Hicks appeals on leave granted, and defendant cross appeals, the circuit court's reversal of Hicks' judgment. We affirm the reversal of Hicks' judgment, reverse the affirmance of Hurt's judgment, and remand both cases for further proceedings in the district court.

A

The instant cases arise out of the arrest of plaintiffs by a security guard at defendant's store for shoplifting a jar of peanut butter on February 24, 1983. At trial, plaintiffs denied that they stole the jar of peanut butter, whereas defendant claimed it had probable cause to arrest plaintiffs for shoplifting. Plaintiffs testified that they entered the store to purchase a pack of cigarettes and walked out of the store together without making a purchase. According to defendant's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

stockboy, Hicks took a jar of peanut butter and the stockboy informed the store's security guard, who followed plaintiffs outside. The security guard testified that he saw Hicks take the jar of peanut butter out from under his jacket and toss it into the car. When plaintiffs refused to return to the store, the security guard grabbed Hurt as Hicks ran away. The security guard testified that after finding the jar of peanut butter in the car, he handcuffed Hurt and took him into the store, informing him that he was under arrest for shoplifting. According to plaintiffs, defendant's security guard followed them into the parking lot and had a verbal confrontation with Hicks, who ran to the end of the parking lot when he saw that the security guard had a gun. Hurt testified that the security guard then took out his gun and grabbed him around the neck. The stockboy and the security guard denied that the guard drew his gun on plaintiffs.

Shortly thereafter, Hicks returned to the store and was apprehended by the stockboy. Plaintiffs were then taken to a back room of the store. According to plaintiffs, the security guard, brandishing his gun, handcuffed them to a pole or ladder. Hicks testified that the security guard accused him of taking the jar of peanut butter but could not find it after searching his jacket. Plaintiffs testified that they were at the store for 1½ to 2 hours before they were taken to the police station. According to defendant's stockboy, plaintiffs were at the store for about fifteen or twenty minutes before the police arrived. Hurt was released uncharged after spending a half-hour at the police station, while Hicks was charged with the misdemeanor offense of larceny under $100 and released after

spending about 1½ hours at the station. Subsequently, the misdemeanor charge against Hicks was dismissed.

Hurt testified that he felt pain when he was first grabbed by the security guard and that he was frightened when the guard had the gun in his face, causing an "emotional problem . . . since that now I can't stand security guards" because he feels they look at him for no reason. However, on cross-examination, Hurt admitted that he had worked as a security guard on two occasions after the incident. Hurt also testified that he felt embarrassed because people were looking at him when he was handcuffed in the store and when he was led out of the store handcuffed. Hicks testified that he also felt upset, humiliated, and embarrassed because he had to walk through the store handcuffed. Hicks testified that he was upset about the incident until the end of 1983 and that he sometimes had nightmares "about being in prison and things like that." On cross-examination, Hicks acknowledged that the incident was "the most stressful thing that's ever happened to [him]."

On February 25, 1985, Hurt filed his original complaint in the circuit court alleging false imprisonment and assault and battery. In an amended complaint filed on March 18, 1985, Hicks was added as a party plaintiff alleging false imprisonment and malicious prosecution. Subsequently, the circuit court denied defendant's motion for summary disposition, rejecting its claim that Hicks' false imprisonment claim was time-barred. After the parties rejected the mediation evaluation, the case was remanded to the district court for trial.

B

In its direct appeal, defendant argues that the trial court committed error when it disallowed the use of evidence of Hicks' 1985 armed robbery conviction for the purpose of impeachment under MRE 609 and as substantive evidence with regard to the issue of Hicks' damages. The district court disallowed the use of evidence of the conviction on the ground that it was not relevant because the conviction occurred after the alleged shoplifting incident. The circuit court, sitting as an appellate court, held:

> This Court concludes that the Trial Court did not use [the] proper criteria for its denying the admission of Hicks' conviction for robbery armed for the purpose of challenging his credibility under MRE 609 and therefore in this respect abused its discretion. The Trial Court did not discuss the probative value of the theft element of robbery armed on the issue of credibility, or the extent to which the prejudicial affect [sic] of admitting the conviction might outweigh such probative value. The Court further concludes that the Trial Court did use proper criteria (under MRE 403) for the exclusion of the prior conviction for the purpose of challenging Hicks' damage claim and did not abuse its discretion in excluding the conviction as it related to damages.

While the circuit court properly ruled that the trial court abused its discretion under MRE 609 in refusing to admit evidence of Hicks' 1985 conviction of armed robbery for the purpose of impeachment, we conclude that the error required reversal with respect to both plaintiffs. We also conclude that the trial court abused its discretion in excluding evidence of Hicks' conviction as substantive evidence related to Hicks' damages.

MRE 609 provides in pertinent part:

(a) General rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall not be admitted unless the evidence has been elicited from the witness or established by public record during cross examination, and

\*     \*     \*

(2) the crime contained an element of theft, and

(A) the crime was punishable by imprisonment in excess of one year or death under the law under which the witness was convicted, and

(B) the court determines that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs its prejudicial effect.

(b) Determining probative value and prejudicial effect. For the purposes of the probative value determination required by subrule (a)(2)(B), the court shall consider only the age of the conviction and the degree to which a conviction of the crime is indicative of veracity. If a determination of prejudicial effect is required, the court shall consider only the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify. The court must articulate, on the record, the analysis of each factor.

(c) *Time limit.* Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date.

In *People v Allen*, 429 Mich 558, 608; 420 NW2d 499 (1988), the Supreme Court held:

[W]here a party seeks to impeach a nonaccused witness, the bright lines will apply. Where the relevant offense is a theft crime, the judge need only determine that the prior offense, in light of its nature and vintage, is significantly

probative of veracity. If so, the impeachment evidence should be admitted. If not, it should be excluded.

The Court also added:

> We continue the ten-year cutoff for the use of any prior convictions. In addition, for those theft convictions occurring less than ten years prior to the relevant case the vintage of the prior conviction and the defendant's behavior subsequent to that conviction are relevant to probativeness. [*Id.* at 606, n 32.]

In the instant case, it was undisputed that Hicks' 1985 armed robbery conviction was established by public record, contained an element of theft, and was punishable by imprisonment in excess of one year. However, contrary to the circuit court's statement, the trial court conducts a balancing test to determine whether the probative value of the evidence outweighs its prejudicial effect under MRE 609(a)(2)(b) only if "the witness is the *defendant* in a criminal trial" (emphasis added). In the instant case, the balancing test was not required because Hicks was not a defendant in a criminal trial. Thus, the trial court was only required to determine whether the evidence had significant probative value with regard to the issue of credibility. *Allen, supra.*

The circuit court properly concluded that the trial court erred in disallowing the use of evidence of the conviction under MRE 609 just because plaintiff's conviction occurred after the incident in question. Under subsection c, evidence of the conviction is not admissible if a period of ten years has elapsed since the date of the conviction or the release of the witness from confinement for that conviction, whichever is later. As defendant observed, "[n]othing in MRE 609

restricts impeachment to 'events preceding the matter on trial.' " Rather, MRE 609 directs the trial court to consider only the age of the conviction and the degree to which the conviction bears on the veracity of the witness. *Allen, supra.* In this case, Hicks' 1985 armed robbery conviction, which occurred between the alleged shoplifting incident and the time of the trial, had significant probative value with regard to the issue of Hicks' veracity.

While the circuit court did not reverse Hicks' judgment on this basis, and while defendant on appeal did not ask for reversal of Hurt's judgment on this basis, we believe that reversal is required with respect to both plaintiffs because the trial court's error was not harmless. Considering that the instant cases essentially came down to a credibility contest, the issue of Hicks' credibility was critical to the outcome of both cases. At trial, plaintiffs testified that defendant falsely imprisoned them, whereas defendant's security guard and stockboy testified that there was probable cause to arrest plaintiffs for shoplifting. By excluding evidence of Hicks' 1985 armed robbery conviction, the trial court denied the jury key information about Hicks that could have influenced the jury's decision to accept plaintiffs' version of the events. If the jury had concluded that Hicks was not a credible witness, then it might well have decided to believe defendant's version that there was probable cause for their arrest. Therefore, reversal is required with respect to both plaintiffs because the error might have resulted in a miscarriage of justice by rewarding two suspected shoplifters with windfall judgments. MRE 103(a); *People v Mateo*, 453 Mich 203, 214-215; 551 NW2d 891

(1996); *People v Travis*, 443 Mich 668, 686; 505 NW2d 563 (1993).

We also hold that the circuit court erred in ruling that the trial court did not abuse its discretion in excluding evidence of Hicks' conviction as substantive evidence relevant to the issue of his damages. *Dacon v Transue*, 441 Mich 315, 329; 490 NW2d 369 (1992); *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959). The evidence of his armed robbery conviction was relevant under MRE 401 because it cast doubt on Hicks' testimony that the incident in the store was "the most stressful event that ever happened to [him]." Further, the evidence of the armed robbery conviction had significant probative value that was not substantially outweighed by the danger of unfair prejudice under MRE 403. *People v Vander-Vliet*, 444 Mich 52, 60-61; 508 NW2d 114 (1993); *Rodriguez v Solar of Michigan, Inc*, 191 Mich App 483, 487; 478 NW2d 914 (1991). Therefore, in the event of a retrial, defendant is permitted to introduce evidence of Hicks' 1985 armed robbery conviction for the purpose of impeachment, as well as substantive evidence relevant to the issue of Hicks' damages.

Finally, in reversing plaintiffs' judgments, we need not address defendant's claim that the trial court abused its discretion in not granting remittitur.

C

In his direct appeal, plaintiff Hicks claims that the circuit court erred in reversing his judgment on the ground that defendant was denied a fair trial because Hicks' false imprisonment claim was barred by the two-year statute of limitations and thus was improperly submitted to the jury along with his timely mali-

cious prosecution claim. Hicks argues that the circuit court erred in not extending the relation-back rule to the addition of Hicks as a party plaintiff and his false imprisonment claim.

MCR 2.118(D) provides:

> Relation Back of Amendments. Except to demand a trial by jury under MCR 2.508, an amendment relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading.

In *Employers Mutual Casualty Co v Petroleum Equipment, Inc*, 190 Mich App 57, 63; 475 NW2d 418 (1991), this Court held:

> Although an amendment generally relates back to the date of the original filing if the new claim asserted arises out of the conduct, transaction, or occurrence set forth in the original pleading, MCR 2.118(D), the relation-back doctrine does not extend to the addition of new parties.

Pursuant to Administrative Order No. 1996-4, we are constrained to follow *Employers Mutual* and affirm the circuit court's ruling barring plaintiff Hicks' false imprisonment claim as untimely because the relation-back rule does not extend to the addition of a new party. However, were it not for the administrative order, we would follow *Hayes-Albion Corp v Whiting Corp*, 184 Mich App 410; 459 NW2d 47 (1990), and hold that the relation-back rule extends to the addition of a new party.

In contrast to *Employers Mutual*, where the plaintiff sought to add a party defendant, *Hayes-Albion* addressed whether the defendant was given notice when an added plaintiff sought to join the action by

means of an amended complaint. In *Hayes-Albion*, this Court held:

> [W]here the original plaintiff had, in any capacity, an interest in the subject matter of the controversy, the defendant had notice of the interest of the person sought to be added as a plaintiff, and the new plaintiff's claim arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, then a new plaintiff may be added and the defendant is not permitted to invoke a limitations defense. [*Id.* at 418.]

We believe that *Hayes-Albion* represents the better-reasoned rule. As noted in *Hayes-Albion*:

> A key consideration in whether the court will allow the addition of a plaintiff is whether the defendant had notice within the statutory period of the "added" plaintiff and his claims. . . . If the defendant had the requisite notice of the "added" plaintiff, and since the transactional base of the claim would have been pled before the period of limitation ran . . . the defendant would be prepared to defend all claims arising out of the transaction and would not be prejudiced by the addition of a plaintiff.
>
> Although Michigan's relation-back rule was borrowed from FR Civ P 15(c), the federal rule now has an additional provision addressing the addition of party defendants, thus making the application of the rule to plaintiffs easier by analogy. However, we find that the interpretation of the federal rule as applied to adding plaintiffs is helpful in looking at the question before us.
>
> "As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. This seems particularly sound inasmuch as the courts will require the scope of the amended pleading to stay within the ambit of the conduct, transaction, or occurrence set forth in the original pleading. [6A Wright, Miller & Kane,

Federal Practice & Procedure (2d ed), § 1501, pp 154-155.]"
[184 Mich App 417-418.]

See also *Doan v Chesapeake & O R Co*, 18 Mich App 271; 171 NW2d 27 (1969); *Plowman v Satkowiak*, 22 Mich App 425; 177 NW2d 641 (1970).

In the instant case, defendant had notice within the statutory period of Hicks and his claims and was prepared to defend all claims arising out of the February 24, 1983, incident. Thus, were it not for the administrative order, we would hold that defendant was not entitled to invoke a limitations defense because Hicks' false imprisonment claim arises out of the conduct, transaction, or occurrence set forth in Hurt's original complaint.

D

Contrary to defendant's contention, these cases are properly remanded to the district court where they were originally tried after being removed from circuit court following the rejection of a mediation award that was less than the circuit court's jurisdictional limit. Defendant's reliance on MCR 4.003(E) to support its argument that the circuit court erred in refusing to retain Hicks' case in the circuit court is misplaced because the court rule does not address the removal of actions when the circuit court is acting as an appellate court. On remand, we note that defendant may move in the district court to have both cases transferred to the circuit court in accordance with MCR 4.002(B).

E

We consider the remaining issues to the extent they will recur on retrial. First, defendant was not denied a

fair trial when the trial court refused to rule on objections in the security guard's videotaped deposition. MCR 2.315(F). On retrial, defendant should move in the trial court to rule on the objections in the videotaped deposition before trial in accordance with MCR 2.308(C)(3)(d). We also note that the trial court's various other evidentiary rulings did not deny defendant a fair trial. Further, the trial court did not err in denying defendant's motion for directed verdicts with respect to plaintiffs' claims of false imprisonment, *Clarke v K mart Corp*, 197 Mich App 541, 546-547; 495 NW2d 820 (1992), Hurt's claim of assault and battery, *Espinoza v Thomas*, 189 Mich App 110, 119; 472 NW2d 16 (1991), or Hicks' claim of malicious prosecution, *Payton v Detroit*, 211 Mich App 375, 394-395; 536 NW2d 233 (1995). Finally, we note that the chief judge of the Wayne Circuit Court did not err in disqualifying the original circuit judge from deciding defendant's appeal in the circuit court. MCL 600.306; MSA 27A.306; *Crampton v Dep't of State*, 395 Mich 347, 351; 235 NW2d 352 (1975).

Affirmed in part, reversed in part, and remanded for further proceedings in the district court. Jurisdiction is not retained.