SCHOMMER v DIRECTOR, DEPARTMENT OF NATURAL
RESOURCES

Docket No. 89640. Submitted January 6, 1987, at Lansing. Decided
August 3, 1987.

Plaintiffs, Evelyn Schommer, Elmer and Lois Mallon, Hobson
Petroleum Corporation, and others, applied to defendant, Ron-
ald O. Skoog, as Director of the Michigan Department of
Natural Resources and as Supervisor of Wells, for a drilling
permit to drill a well in the Pigeon River Country State Forest.
On September 4, 1984, defendant denied the application. On
April 1, 1985, plaintiffs filed this action in the Ingham Circuit
Court, alleging that defendant had no authority to deny the
permit, that the denial was arbitrary, capricious and without
authority of law, and that the wrongful denial prevented
plaintiffs from producing and marketing their gas and oil, all to
their great financial damage and irreparable harm. Plaintiffs
asked the circuit court to issue an order compelling defendant
to issue a drilling permit, as allegedly had been originally
requested by Hobson Petroleum Corporation in a May 29, 1984,
request for a drilling permit which was denied on September 6,
1984. Defendant filed a motion for summary disposition on the
basis that the circuit court was without jurisdiction because the
complaint was an untimely appeal from an administrative
decision. Plaintiffs contended that the lawsuit was not an
appeal from the challenged decision. Instead, they contended
that the oil and gas conservation act provided an independent
basis for judicial review or, in the alternative, that the lawsuit
sounded in mandamus under the Revised Judicature Act. The
circuit court, James R. Giddings, J., ruled that plaintiffs had a
right of an appeal from the challenged decision, but that such
right arose under the residual clause of the RJA, § 631, and that
§ 631 imposed a time limit which had not been met in this case.

REFERENCES

Am Jur 2d, Administrative Law §§ 579-582, 718, 719, 748-753.

The doctrine of primary administrative jurisdiction as defined and
applied by the Supreme Court. 38 L Ed 2d 796.

See also the annotations in the Index to Annotations under Admin-
istrative Law.

Plaintiffs appealed from the trial court's order of summary disposition in favor of defendant.

The Court of Appeals *held:*

1. The oil and gas conservation act does not afford plaintiffs a basis for judicial review directly from defendant's denial of their application. The circuit court correctly granted summary disposition in defendant's favor because plaintiffs failed to pursue an appeal in a timely fashion, thereby depriving the circuit court of subject matter jurisdiction.

2. To the extent that plaintiffs failed to develop an administrative record, they have waived their challenge to the permit denial.

3. The circuit court correctly decided that RJA, § 631 governs plaintiffs' complaint for judicial review and dismissed the case because plaintiffs failed to pursue an appeal in a timely fashion, i.e., within twenty-one days after the entry of the order or judgment appealed from.

Affirmed.

1. GAS AND OIL — SUPERVISOR OF WELLS — APPEAL.

The oil and gas conservation act provides that an appeal may be taken from a decision of the Supervisor of Wells to the Natural Resources Commission, which shall act as an appeal board (MCL 319.3[8]; MSA 13.139[3][8]).

2. GAS AND OIL — SUPERVISOR OF WELLS — APPEAL.

The Legislature did not intend to provide under the oil and gas conservation act an independent right to judicial review of decisions of the Supervisor of Wells (MCL 319.1 *et seq.*; MSA 13.139[1] *et seq.*).

3. ADMINISTRATIVE LAW — PRESUMPTIONS.

An administrative body is presumed to have performed its duties in accordance with the law and is presumed to have conducted its responsibilities with regularity.

4. GAS AND OIL — SUPERVISOR OF WELLS — APPEAL — SCOPE OF REVIEW.

Review by the Court of Appeals of a decision of the Supervisor of Wells is limited to the information contained in the administrative record.

5. APPEAL — REVISED JUDICATURE ACT — ADMINISTRATIVE LAW — CONSTITUTIONAL LAW.

An appeal under the section of the Revised Judicature Act pertaining to appeals from orders or decisions of administrative bodies is not de novo, but is limited by the standards set out in

the Michigan Constitution (Const 1963, art 6, § 28; MCL 600.631; MSA 27A.631).

6. GAS AND OIL — SUPERVISOR OF WELLS — REVISED JUDICATURE ACT — ADMINISTRATIVE LAW — APPEAL.

The section of the Revised Judicature Act pertaining to appeals from orders or decisions of administrative bodies governs appeals to a circuit court from a decision of the Supervisor of Wells to deny an application for a drilling permit; such an appeal must be taken within twenty-one days after the entry of the order or judgment appealed from (MCR 7.101[B][1], 7.103, 7.104[A]; MCL 600.631; MSA 27A.631).

*J. Andrew Domagalski,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas J. Emery* and *Michael C. McDaniel,* Assistant Attorneys General, for defendant.

Before: HOOD, P.J., and BEASLEY and L. TOWNSEND,* JJ.

HOOD, P.J. Plaintiffs appeal as of right from an order of summary disposition in favor of defendant. The issue presented is essentially a procedural one, but novel. It requires that we determine the proper method and timing for an appeal to circuit court from a decision of the Director of the Michigan Department of Natural Resources acting as the Supervisor of Wells. Our review persuades us that, under the circumstances present in this case, the oil and gas conservation act does not afford plaintiffs a basis for judicial review directly from defendant's denial of their application. The circuit court correctly granted summary disposition in defendant's favor because plaintiffs failed to pursue an appeal in a timely fashion, thereby

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

depriving the circuit court of subject matter jurisdiction. MCR 2.116(C)(4).

On September 4, 1984, defendant Ronald O. Skoog, as Director of the Michigan Department of Natural Resources and acting as Supervisor of Wells, denied plaintiffs' application for a drilling permit to drill a well in the Pigeon River Country State Forest under the authority of the oil and gas conservation act, MCL 319.1 *et seq.*; MSA 13.139(1) *et seq.*, and under the authority of the Michigan Environmental Protection act, MCL 691.1201 *et seq.*; MSA 14.528(201) *et seq.* Plaintiffs allege that plaintiff Hobson Petroleum Corporation had also applied for a permit to drill a well on the individual plaintiffs' privately owned lands within the forest on May 29, 1984, and that the application was denied on September 6, 1984.

Approximately six months later, on April 1, 1985, plaintiffs filed this action in circuit court. Plaintiffs alleged that defendant had no authority to deny the permit. They further alleged that the denial was arbitrary, capricious and without authority of law. Finally, they alleged that the wrongful denial prevented them from producing and marketing the oil and gas, all to the great financial damage and irreparable harm of plaintiffs. Plaintiffs asked the circuit court to issue an order compelling defendant to issue a drilling permit as had been originally requested by plaintiff Hobson Petroleum Corporation.

On June 28, 1985, defendant filed a motion for summary disposition on the basis that the circuit court was without jurisdiction because the complaint was an untimely appeal from an administrative decision. According to defendant's motion, the challenged decision was not a final agency decision in a contested case as defined by the Administrative Procedures Act (APA), MCL 24.201

*et seq.*; MSA 3.560(101) *et seq.*, and thus that act was not applicable. According to the motion, the sole jurisdictional basis for the lawsuit was § 631 of the Revised Judicature Act (RJA), MCL 600.631; MSA 27A.631. That statute allows an appeal to the circuit court within twenty-one days from the challenged decision. According to defendant's motion, the lawsuit was untimely since it was filed approximately 180 days after the challenged decision.

Plaintiffs agreed that the Administrative Procedures Act was not applicable. They claimed, however, that the lawsuit was not an appeal from the challenged decision. Instead, they contended that the oil and gas conservation act provided an independent basis for judicial review of defendant's decision or, in the alternative, that the lawsuit sounded in mandamus under the RJA, MCL 600.4401; MSA 27A.4401.

The circuit court felt compelled to grant the motion for lack of jurisdiction. The circuit court did not recall any reference to mandamus in the complaint or any reference to a violation of a clear legal duty. However, the circuit court gave plaintiffs approximately thirty days to file an amended complaint setting forth a cause of action in mandamus. The circuit court did not view the complaint as a request for injunctive relief since no allegation had been made that plaintiffs had no adequate remedy at law. The circuit court ruled that plaintiffs had a right of an appeal from the challenged decision, but that such right arose under the residual clause of the RJA, § 631, and that § 631 imposed a time limit which had not been met in this case.

Plaintiffs first reiterate their argument that the oil and gas conservation act allows judicial review directly from defendant's denial of an application

for a drilling permit. Const 1963, art 6, § 28 provides in pertinent part:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, *shall be subject to direct review by the courts as provided by law.* This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.

Plaintiffs contend that judicial review of the challenged decision is authorized by § 3(8), § 3(9), and § 17 of the oil and gas conservation act, which respectively provide:

> (8) The commission of natural resources shall act as an appeal board. When the advisory board or a producer or owner considers a rule, order, action, inaction, or procedure as proposed, initiated, or made by the supervisor to be burdensome, inequitable, unreasonable, or unwarranted, the board, producer, or owner may appeal to the appeal board for relief from the rule, order, action, inaction, or procedure, while giving notice to the supervisor. The chairperson of the commission shall set a date and place to hear the appeal, which may be at a regular or special meeting of the commission called for the purpose.
> (9) The action of the appeal board shall be final with respect to an appeal by the advisory board. *A person may seek relief in the courts as provided elsewhere in this act,* and the taking of an appeal as provided in this act shall not be a prerequisite to seeking relief in the courts. [MCL 319.3(8) and (9); MSA 13.139(3)(8) and (9).]

> The circuit court of Ingham county shall have exclusive jurisdiction of all suits brought against the commission, the supervisor, the board or any agent or employee thereof, by or on account of any matter or thing arising under the provisions of this act. No temporary restraining order or injunction shall be granted in any such suit except after due notice and for good cause shown. [MCL 319.17; MSA 13.139(17).]

According to plaintiffs, these sections make it abundantly clear that they have a right to judicial relief from defendant's decision. Plaintiffs reason that the specific authorization for the judicial review granted under the oil and gas conservation act precludes the applicability of the RJA. Plaintiffs contend that they elected to proceed to circuit court under § 3(9) and § 17 without first filing an appeal with the Natural Resources Commission because the NRC would have merely rubber-stamped defendant's decision. Plaintiffs argue that defendant and the NRC have adopted a policy of not issuing drilling permits in the Pigeon River Country State Forest, which policy is not justified by any currently prevailing environmental conditions. Plaintiffs do not name the policy or further describe the policy and plaintiffs have not provided this Court with a copy of the policy if it is a written policy; however, they contend that they are prepared to demonstrate the unlawfulness of defendant's decision in a de novo action in circuit court, and they ask this Court to reverse the order of summary disposition and to remand this case for trial.

Although § 3(9) states, "A person may seek relief in the courts as provided elsewhere in this act, and the taking of an appeal as provided in this act shall not be a prerequisite to seeking relief in the courts," a careful review of the act does not reveal

the relief referred to in the statute. The plain implication of the statute's language is that other relief is specifically authorized elsewhere in the oil and gas conservation act. However, neither the parties nor the circuit court were able to identify this other relief. Our own efforts to do so have also proved fruitless.

Indeed, the only type of review specifically mentioned by the oil and gas conservation act is the administrative remedy provided in § 3(8). An appeal from a decision of defendant may be taken to the NRC, which shall act as an appeal board. According to the statute, the grounds for taking such an appeal include the arguments that the decision is "burdensome, inequitable, unreasonable, or unwarranted."

Plaintiffs readily acknowledge that they decided against pursuing their administrative remedy in the belief that the NRC would have "rubber-stamped" defendant's decision. In their view, they were not required to pursue that remedy before filing their complaint in circuit court. We have no precedent to assist in interpreting the statute as there are no cases to construe or interpret these provisions of the oil and gas conservation act.

We question whether the Legislature would have intended to allow a party to proceed directly to circuit court without first building a record before the administrative agency which has the expertise and resources with which to render factual findings. While both parties agree, albeit for different reasons,[1] that the lawsuit does not come

---

[1] Plaintiffs reason that the APA does not apply because the oil and gas conservation act does not provide an evidentiary hearing to the parties and thus the administrative proceeding did not constitute a "contested case" as defined by the APA. MCL 24.203(3); MSA 3.560(103)(3). Defendant states that the APA does not apply because, although plaintiffs could have requested an evidentiary hearing, an appeal from which would have come under the APA's definition of "contested case," plaintiffs did not follow that procedure.

within the APA, we think that § 101, MCL 24.301; MSA 3.560(201), concerning exhaustion of administrative remedies, is at least instructive in resolving the question at bar. In *Saginaw School Dist v United States Dep't of Health, Education & Welfare*, 431 F Supp 147, 154 (ED Mich, 1977), the court stated that "[r]equiring exhaustion is preferred in order that the reviewing court may have the benefit of a factual record in which the issue is fully developed and clearly defined as opposed to being presented in a vacuum." (Citations omitted.) Citing *Saginaw School Dist*, this Court, in *Dickerson v Warden, Marquette Prison*, 99 Mich App 630, 641; 298 NW2d 841 (1980), added:

> By requiring exhaustion, resort to the courts in the face of available administrative procedures is precluded unless administrative procedures are incapable of providing relief. The exhaustion rule, however, does not apply where it is obvious that to pursue additional procedures would be a useless effort. *Welfare Employees Union v Civil Service Comm*, 28 Mich App 343; 184 NW2d 247 (1970).

Here, we have only the plaintiffs' bare assertion that appeal to the appeal board would have been an exercise in futility and nothing more than a formal step on the way to the courthouse. To the extent that plaintiffs have failed to develop an administrative record, we hold that they have waived their challenge to the permit denial. In the absence of affirmative support by statute or case law for plaintiffs' position, we conclude that the Legislature did not intend to provide an independent right to judicial review under the oil and gas conservation act.

Even assuming arguendo that plaintiffs' position is the correct one, the Legislature failed to impose a statutory time limit within which an appeal

would have to be taken. At the very least, it seems that the Legislature would have insisted upon a "reasonable" time limit within which to file a complaint for judicial review in the Ingham Circuit Court. Again, given the undeveloped record on appeal, we are unable to conclude whether the timeliness of plaintiffs' complaint is "reasonable."

Plaintiffs argued below and argue indirectly on appeal that § 23 of the oil and gas conservation act, MCL 319.23; MSA 13.139(23), required defendant to issue a drilling permit after he received and accepted plaintiffs' written application and payment of the required fee. The statute provides in pertinent part:

> A person shall not drill or begin the drilling of any well for oil or gas, for secondary recovery, or a well for the disposal of salt water, or brine produced in association with oil or gas operations or other oil field wastes, or wells for the development of reservoirs for the storage of liquid or gaseous hydrocarbons, until the owner directly or through his authorized representatives shall have first made a written application to drill any such well and filed with the supervisor a bond as provided in section 6, and received and posted in a conspicuous place at the location of the well a permit in accordance with the rules and requirements or orders made and promulgated by the supervisor. A fee of $100.00 shall be charged for a permit to drill a well subject to this act. *Upon receiving and accepting a written application and payment of the fee required, the supervisor shall within 10 days thereafter issue to any owner or his authorized representative, a permit to drill.* A permit to drill shall not be issued to any owner or his authorized representative who does not comply with the rules and requirements or orders made and promulgated by the supervisor. A permit shall not be issued to any owner or his authorized representative who has not complied with or is in

violation of this act, or any of the rules, requirements or orders issued by the supervisor, or the department of natural resources.

Plaintiffs argue that defendant was without discretion to deny the permit so long as plaintiffs complied with the statute's prerequisites for an application. In their view, defendant was required to perform a strictly ministerial act. On this basis, plaintiffs assert that their lawsuit did not constitute an appeal.

The interpretation given to § 23 of the oil and gas conservation act by plaintiffs is untenable. An administrative body is presumed to have performed its duties in accordance with the law and is presumed to have conducted its responsibilities with regularity. *Traverse Oil Co v Chairman, Natural Resources Comm,* 153 Mich App 679, 692; 396 NW2d 498 (1986). Further, this Court's review of the defendant's decision is limited to the information contained in the administrative record. *Id.,* p 691. As already stated, plaintiffs have failed to develop an administrative record for our review. Moreover, we do not agree with their very literal interpretation of the statute.

In summary, the oil and gas conservation act does not afford plaintiffs a basis for judicial review directly from defendant's denial of their application. There is simply no authority, either statutory or in the case law, which would support plaintiffs' view. Accordingly, we conclude that the circuit court properly rejected their arguments.

The circuit court was also correct in deciding that RJA, § 631 governs plaintiffs' complaint for judicial review and in dismissing the case because plaintiffs failed to pursue an appeal in a timely fashion. Section 631 of the RJA provides:

*An appeal shall lie from any order, decision, or*

*opinion* of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from *which an appeal or other judicial review has not otherwise been provided for by law,* to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county, which court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in accordance with the rules of the supreme court.

MCR 7.104(A) provides that an appeal to a circuit court under this statute is governed by MCR 7.101 and 7.103 with an exception that does not apply to this case. MCR 7.101(B)(1) provides in pertinent part:

Except when another time is prescribed by statute or court rule, an appeal of right must be taken within

(a) 21 days after the entry of the order or judgment appealed from;

In this case no other statute or court rule defines the time within which an appeal as of right to the circuit court has to be taken. Thus, the twenty-one-day limit applies if plaintiffs' appeal is governed by § 631 of the RJA.

The appeal by plaintiffs must proceed under § 631 of the RJA. An appeal under this statute is not de novo, but is limited by the standards set out in Const 1963, art 6, § 28. *Viculin v Dep't of Civil Service,* 386 Mich 375, 392; 192 NW2d 449 (1971); *Michigan Waste Systems v Dep't of Natural Resources,* 147 Mich App 729, 735; 383 NW2d 112 (1985), lv den 424 Mich 900 (1986). Although the precise basis for the circuit court's order is not plainly identified, in light of the circuit court's remarks, it appears to be grounded on MCR 2.116(C)(4), a lack of subject matter jurisdiction. In

view of the delay in filing the lawsuit after the expiration of the twenty-one days, we conclude that the complaint was untimely and the lawsuit could be dismissed on jurisdictional grounds.

The decision of the trial court is affirmed.