DAVIS v DEPARTMENT OF CORRECTIONS

Docket No. 225150. Submitted March 6, 2002, at Lansing. Decided March 15, 2002. Approved for publication May 21, 2002, at 9:00 A.M.

Janet Davis filed a petition in the Ingham Circuit Court, seeking judicial review of a final decision of the Civil Service Commission, which affirmed a decision of the Employment Relations Board, which affirmed a decision of a Civil Service Commission hearing referee that found that the petitioner's employment with the Department of Corrections should be terminated on the basis that the petitioner was unable to work without restrictions and the Department of Corrections declined to extend her medical leave of absence. The petitioner named the Department of Corrections as the only respondent. The petitioner filed an amended petition twenty-seven days after the initial filing deadline, adding the Department of Civil Service as a respondent. The court, William E. Collette, J., denied the respondents' motion to dismiss for lack of jurisdiction and allowed the amended petition. Following hearings, the court reversed the order of the Civil Service Commission, finding that the decision was not supported by competent, material, and substantial evidence. The respondents appealed by leave granted, alleging that the court lacked subject-matter jurisdiction.

The Court of Appeals *held*:

1. The petitioner failed to sustain her burden of establishing jurisdiction. Attempting to cure the initial defect by amending the petition to add the Department of Civil Service was ineffective because the amendment was procedurally invalid and the Department of Civil Service and the Civil Service Commission are separate entities and, therefore, serving the Department of Civil Service did not confer subject-matter jurisdiction over the Civil Service Commission's final decision.

2. Because the relation-back doctrine does not encompass the addition of parties, the Department of Civil Service was not properly added as a party and no timely appeal was filed against the Department of Civil Service.

3. The Department of Civil Service and the Civil Service Commission are separate legal entities. The failure to file a timely claim

against the Civil Service Commission deprived the court of subject-matter jurisdiction and was fatal to the petitioner's claim.
    Reversed.

1. PLEADING — AMENDMENT OF PLEADINGS — RELATION-BACK DOCTRINE — PARTIES.
    The relation-back doctrine applicable to the amendment of pleadings does not encompass the addition of parties (MCR 2.118[D]).

2. ADMINISTRATIVE LAW — CIVIL SERVICE DEPARTMENT — CIVIL SERVICE COMMISSION.
    The Department of Civil Service and the Civil Service Commission are separate legal entities (Const 1963, art 11, § 5).

*Nolan, Thomsen & Villas, P.C.* (by *Lawrence P. Nolan* and *Gary G. Villas*), for the petitioner.

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Susan Przekop-Shaw,* Assistant Attorney General, for the respondents.

Before: SAWYER, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM. Respondent Michigan Department of Corrections (MDOC) and Michigan Department of Civil Service (MDOCS) appeal by leave granted an order granted following judicial review by the Ingham Circuit Court reversing the administrative decision of the Civil Service Commission terminating petitioner's employment with the MDOC after she was deemed unable to work without restrictions and the MDOC declined to extend her medical leave of absence. The circuit court concluded that the administrative agency's decision that petitioner's separation was justified because she could not return to work at full capacity was inconsistent with the agency's findings of fact, and that the decision was not supported by competent, material, and substantial evidence. We reverse, finding the circuit court lacked subject-matter jurisdiction.

In the case at bar, the final decision of the Civil Service Commission, which affirmed the decision of the Employment Relations Board, which affirmed the decision of the Civil Service Commission hearing referee, was entered on June 5, 1998, and petitioner's July 30, 1998, petition for judicial review named as party opponent the MDOC. An amended petition was filed twenty-seven days after the initial filing deadline, adding the MDOCS. Respondents brought a motion to dismiss for lack of jurisdiction, which the circuit court denied, finding that petitioner had made a good-faith effort to proceed properly and allowing the amendment.

Respondents now argue that the amendment naming the MDOCS as a party failed to vest the court with jurisdiction to hear an appeal from a decision of the Civil Service Commission. We agree.

A claim of lack of subject-matter jurisdiction may be raised at any time, even if for the first time on appeal. MCR 2.116(D)(3); MCR 2.111(F)(2); *Harris v Vernier*, 242 Mich App 306, 316; 617 NW2d 764 (2000); *Bass v Combs*, 238 Mich App 16, 23; 604 NW2d 727 (1999). Whether a court has subject-matter jurisdiction is a question of law subject to review de novo. *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 205; 631 NW2d 733 (2001); *Womack-Scott v Dep't of Corrections*, 246 Mich App 70, 74; 630 NW2d 650 (2001).

MCL 24.304(1) requires that the application for review be filed within sixty days of the date of the mailing of notice of the final appeal, here by August 4, 1998, as provided by the Administrative Procedures Act, MCL 24.201 *et seq. Womack-Scott, supra* at 79. Failure to file a timely claim of appeal deprives the

circuit court of jurisdiction to hear the appeal. *Shippey v Madison Dist Public Schools*, 55 Mich App 663, 667; 223 NW2d 116 (1974); *Schommer v Director, Dep't of Natural Resources*, 162 Mich App 110, 120-122; 412 NW2d 663 (1987); *Attorney General v Public Service Comm*, 172 Mich App 778, 782; 432 NW2d 437 (1988); *Schlega v Detroit Bd of Zoning Appeals*, 147 Mich App 79, 82; 382 NW2d 737 (1985).

The burden of establishing jurisdiction is with the petitioner. *Citizens for Common Sense in Government v Attorney General*, 243 Mich App 43, 50; 620 NW2d 546 (2000). Here, petitioner failed to sustain her burden. Attempting to cure the initial defect by amending the petition on August 31, 1998, to add the MDOCS was ineffective for two reasons: (1) the amendment was procedurally invalid and (2) the MDOCS and the Civil Service Commission are separate entities, and serving the MDOCS did not confer subject-matter jurisdiction over the Civil Service Commission's final decision.

Pertinent to the case at bar, MCR 7.105(C) outlines the procedures regarding form and content of an appeal and defines the "respondent" as a "person who seeks to sustain the decision of the agency . . . ." MCR 7.105(C). This clearly would apply to the Civil Service Commission.

First, petitioner opposes respondents' challenge to the validity of the amendment by contending that MCR 7.105(C) allows the filing of a delayed petition. However, as a preliminary matter, this misapplies the court rule—MCR 7.105(C) permits the filing of a delayed petition only where permitted by the applicable review statute. The statute applicable here, MCL 24.304, contains no provision permitting the filing of a

delayed appeal; therefore, MCR 7.105(C) is inapplicable by its own terms.

Second, the only petition filed within the sixty-day period for filing petitions for judicial review named the MDOC as the party opponent. The amended petition, even if construed as an initiating petition that named all parties, was filed after the sixty-day period. MCL 24.304(1). Petitioner's argument that leave to amend was properly granted and the amendment related back to the original filing misstates the factual circumstances of the instant case. The relation-back doctrine does not encompass the addition of parties. MCR 2.118(D); *Hurt v Michael's Food Center, Inc*, 220 Mich App 169, 179; 559 NW2d 660 (1996);[1] *Employers Mut Casualty Co v Petroleum Equipment, Inc*, 190 Mich App 57, 63; 475 NW2d 418 (1991). Therefore, sidestepping the issue regarding the propriety of a grant of leave to amend, the MDOCS was not properly added as a party; thus, no timely appeal was filed against the MDOCS. Accordingly, the court lacked subject-matter jurisdiction. *Shippey, supra* at 667; *Schommer, supra* at 120-122.

Petitioner also insists that the Civil Service Commission is a part of the MDOCS and assuming the amendment was proper, then serving the MDOCS was sufficient to bring the Civil Service Commission within the ambit of the action. This position is not supported by the law. Implicit in discerning the mean-

---

[1] The *Hurt* Court noted that, pursuant to Administrative Order No. 1996-4 (MCR 7.215[I]), it was required to follow a 1991 holding of another panel of the Court finding that the relation-back doctrine does not extend to the addition of new parties and that, if not constrained by the administrative order, the *Hurt* Court would follow a 1990 decision of the Court that found that the relation-back rule does extend to the addition of a new party.

ing of statutory language, the fair and natural import of the language employed in view of the subject matter of the law should govern. *In re Wirsing*, 456 Mich 467, 474; 573 NW2d 51 (1998). Here, the Michigan Constitution belies petitioner's position and articulates that the "state civil service shall consist of all positions in the state service except those filled by . . . commissions . . . ." Const 1963, art 11, § 5. While the administration of the Civil Service Commission's powers are vested in a member of the civil service appointed by the Civil Service Commission, it remains a separate legal entity. *Id.*

The Civil Service Commission is an administrative agency that exists pursuant to the constitution and is vested with plenary and absolute authority to regulate the terms and conditions of employment in the civil service. *Id.*; *Womack-Scott, supra* at 79. The Civil Service Commission's authority is constitutionally vested and exists as a separate and distinct entity from the legislatively enabled MDOCS. As respondents maintain, in creating the MDOCS, the Legislature recognized that its power would be constrained by the constitution. MCL 16.104. The Civil Service Commission was enabled by a type I[2] transfer of powers to itself with all the "powers, duties and functions vested by the constitution or by law . . . ." MCL 16.302.

Civil Service Rule 2-20-.3(c) reiterates this plenary authority where it requires that a final judgment or decision by the Employment Relations Board becomes effective as the judgment or decision of the

---

[2] Any board, commission, or other agency granted a type I transfer is administered under the supervision of the principal department to which it is transferred and exercises its prescribed statutory powers and duties independently of the head of that department. MCL 16.103.

Civil Service Commission only when approved by the Civil Service Commission, and where necessary, it allows remand, modification, vacation, or any other action within the powers of the Civil Service Commission. Therefore, as the final authority and the entity that regulates the terms and conditions of employment in the civil service, the Civil Service Commission should have been recognized as a necessary party to defend the final decision. Petitioner could achieve a resolution only if the court's order was made binding on the Civil Service Commission. *Womack-Scott, supra* at 79. Accordingly, failure to file a timely claim against the Civil Service Commission deprived the court of subject-matter jurisdiction and was fatal to petitioner's claim.

Reversed.