# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW YOUNG,

        Petitioner-Appellee,

v

DEPARTMENT OF CORRECTIONS,

        Respondent-Appellant.

UNPUBLISHED
December 21, 2017

No. 331352
Ingham Circuit Court
LC No. 15-000438-AA

Before: MURPHY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Respondent Michigan Department of Corrections (DOC) appeals a ruling by the circuit court entered in favor of petitioner Matthew Young on his employment grievance. The circuit court was sitting as an appellate court relative to Young's challenge of an earlier unfavorable decision issued by the Michigan Civil Service Commission (CSC) that had rejected Young's grievance. We reverse the circuit court's ruling and reinstate the CSC's decision.

Young was employed as a hearings administrator for the DOC and filed a grievance when his position was abolished, claiming that it was eliminated because of personal animus by his direct supervisor and not administrative efficiency. Young accepted a lower paying position with the DOC. A hearing officer with the CSC rejected the grievance, concluding that Young's position was abolished for administrative efficiency. Young then filed an application for leave to appeal with the CSC's Employment Relations Board, which issued a decision recommending that the CSC deny leave because Young did not establish grounds for granting leave. The CSC approved of and adopted the recommendation.

Young appealed the CSC's decision to the circuit court by right, MCR 7.103(A)(3), naming the DOC as the appellee, while serving the claim of appeal[1] on the CSC and the Attorney General's Office. Young failed to name the CSC as a party. MCR 7.117(C) provides that "[a]n appeal challenging any decision . . . of the [CSC] must name the [CSC] as a party and must serve

---

[1] A circuit court claim of appeal is also referred to as a petition for review, MCL 24.303(1), but we shall employ the "claim of appeal" language used in the Michigan Court Rules of 1985.

the [CSC] . . . ." MCR 7.117(B) states that "[a]n appeal from a decision of the [CSC] must comply with MCR 7.119[,]" which in turn designates that, for purposes of the circuit court claim of appeal, "the party seeking to sustain the agency's decision is the appellee[,]" MCR 7.119(B)(2)(a)(ii). The DOC was seeking to sustain the CSC's ruling. Accordingly, under MCR 7.117(B) and (C) and MCR 7.119(B)(2)(a)(ii), Young was required to name the DOC and the CSC as parties. Learning of his flaw in not naming the CSC as a party, Young filed an amended claim of appeal, naming the CSC as appellee[2] and removing the DOC from the caption altogether; thus, the claim of appeal was still not correct, in that the DOC should have remained an appellee. By the time Young filed the amended claim of appeal, the filing was beyond the 60-day window to appeal the CSC's ruling to the circuit court. MCR 7.117(B) and MCR 7.119(B)(1); MCL 24.304(1).

A week after filing the amended claim of appeal, Young filed his supporting brief. The DOC then filed a brief in opposition to Young's appeal, arguing in part that the circuit court lacked jurisdiction, given that Young had failed to file his claim of appeal, with the CSC named as a party, within 60 days of the CSC's final decision. The DOC argued that the CSC and the DOC "are distinct administrative bodies." Young and the DOC both submitted arguments in their respective briefs concerning the substance of the grievance dispute. The CSC never filed an appearance in the circuit court appeal nor otherwise participated in the appeal, although the Assistant Attorney General representing the DOC certainly advanced arguments that supported the CSC's ruling. The circuit court heard oral arguments and later issued a written opinion. In the opinion, the court found that the misnomer doctrine applied, thereby forgiving Young's error in the claim of appeal and accepting the CSC as a party to the appeal. The circuit court approved of the amended claim of appeal under MCR 2.301 (amendment of pleadings in the furtherance of justice). The circuit court also reversed the CSC's decision, granted Young's grievance, reinstated him to his former position, and awarded Young attorney fees and costs.

Subsequently, the DOC filed an application for leave to appeal in this Court. And this Court issued an order vacating the circuit court's award of costs and attorney fees to Young, but it otherwise denied the DOC's application "for lack of merit in the grounds presented." *Young v Dep't of Corrections*, unpublished order of the Court of Appeals, entered June 23, 2016 (Docket No. 331352). Thereafter, our Supreme Court issued an order remanding the case to this Court "for consideration as on leave granted." *Young v Dep't of Corrections*, 500 Mich 932 (2017). We now address the DOC's appeal.[3]

---

[2] While MCR 7.117(C) does not specifically provide that the CSC must be designated as an "appellee," only that the CSC be made a party, MCR 7.119(B)(2)(a)(iii) generally indicates that an agency that becomes a party to a circuit court appeal is to be listed as an "appellee."

[3] We do have some concerns with the fact that the CSC has not been named as a party to this appeal, is not itself pursuing an appeal, and has not even appeared, even though the circuit court's ruling effectively made the CSC a party to the circuit court appeal. However, Young raises no issue on these matters, and we read the Supreme Court's remand order as directing us to address the arguments posed by the DOC on appeal.

-2-

We conclude that the circuit court lacked jurisdiction to hear Young's appeal. In *Davis v Dep't of Corrections*, 251 Mich App 372, 378; 651 NW2d 486 (2002), this Court ultimately held that "failure to file a timely claim against the [CSC] deprived the court of subject-matter jurisdiction and was fatal to petitioner's claim." The petitioner in *Davis* had filed a circuit court appeal challenging a decision by the CSC, but the petitioner initially named only the DOC as a party opponent and then later added, outside the 60-day deadline, the Michigan Department of Civil Service (not the CSC) as a party in an amended petition or claim of appeal. *Id.* at 373-374. The *Davis* panel first held that, even if the amended claim of appeal naming the Department of Civil Service was treated as encompassing the CSC, it was filed too late and the relation-back doctrine would not apply to give the circuit court jurisdiction. *Id.* at 376. The Court then proceeded to conclude that the CSC was a separate and distinct legal entity from the Department of Civil Service. *Id.* at 376-377. Here, Young attempts to distinguish *Davis* on the basis that the CSC was served with the original claim of appeal and that the amended claim of appeal actually named the CSC as a party, whereas in *Davis*, the amended claim of appeal still improperly named the Department of Civil Service. However, despite these distinctions, *Davis* still governs. Young's service of the original claim of appeal on the CSC was not the same as naming the CSC as a party, and, as made clear in *Davis*, amending the claim of appeal to add or substitute the CSC did not relate back for purposes of establishing jurisdiction.

With respect to the misnomer doctrine, it "applies . . . to correct inconsequential deficiencies or technicalities in the naming of parties[.]" *Miller v Chapman Contracting*, 477 Mich 102, 106-107; 730 NW2d 462 (2007). The misnomer doctrine does not apply where a plaintiff seeks to substitute or add a wholly different and new party to the proceedings. *Id.* at 107. The *Davis* panel did not directly address the misnomer doctrine by name, although it somewhat touched on the nature of the doctrine in discussing whether the naming of the Department of Civil Service as a party was essentially the same as naming the CSC. If the CSC is distinct and separate from the Department of Civil Service as stated in *Davis*, the DOC and the CSC are certainly separate and distinct entities. We are not speaking of inconsequential deficiencies or technicalities in the naming of parties; Young was attempting to substitute or add a wholly different and new party to the proceedings – the CSC. Naming the DOC as a party is not the same as or comparable to naming the CSC as a party. "The [CSC] is an administrative agency that exists pursuant to the constitution and is vested with plenary and absolute authority to regulate the terms and conditions of employment in the civil service." *Davis*, 251 Mich App at 377. "The powers which the Legislature has extended to the [DOC] are related solely to the administration of penal institutions, probation, pardons, paroles and commutations and other aspects of the department's corrections functions." *In re Faketty*, 121 Mich App 266, 271; 328 NW2d 551 (1982); see also MCL 791.201 and MCL 791.204. Indeed, as mentioned earlier, Young was required to name *both* the CSC and the DOC as parties to the circuit court claim of appeal. This was never done or even attempted, where the amended claim of appeal substituted the CSC for the DOC.

With respect to MCL 600.2301, it provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or

-3-

proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

The *Davis* panel did not discuss MCL 600.2301. However, our Supreme Court has made it abundantly clear that MCL 600.2301 cannot be employed to retroactively add a party to a proceeding at a point in time where a claim against said party had become time-barred. *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 83-84; 869 NW2d 213 (2015); *Driver v Naini*, 490 Mich 239, 253-255; 802 NW2d 311 (2011). Here, by the time that Young sought to include the CSC as a party, the 60-day appeals period had elapsed. In sum, the circuit court lacked jurisdiction over Young's appeal.

Finally, even assuming that the circuit court had jurisdiction, the court failed to apply correct legal principles and misapprehended the substantial evidence test; stated otherwise, the circuit court clearly erred in its substantive findings and ruling. *Hanlon v Civil Service Comm*, 253 Mich App 710, 716; 660 NW2d 74 (2002) (our test in reviewing the appellate decision reached by the circuit court on review of an agency's ruling). The circuit court's review was limited to determining whether the CSC's findings and decision were authorized by law and supported by competent, material, and substantial evidence on the entire record. *Id.*, quoting Const 1963, art 6, § 28.[4] With respect to positions covered by the classified state civil service, "[t]he appointing authorities may create or abolish positions for reasons of administrative efficiency without the approval of the [CSC,]" and "[p]ositions shall not be created nor abolished except for reasons of administrative efficiency." Const 1963, art 11, § 5, ¶ 8.

The circuit court concluded that the CSC's findings were arbitrary and capricious, where the CSC should have found implied bad faith on the part of the DOC given that Young's new position was substantially similar to his old abolished position. The circuit court also concluded that the CSC's findings were arbitrary and capricious and lacked evidentiary support, where there was evidence that Young's direct supervisor, the administrator of the Office of Legal Affairs (OLA), was impermissibly motivated by personal animus in abolishing Young's position. The circuit court's opinion essentially gave no weight to the evidence that the Legislature had made multi-million dollar cuts to the DOC's budget and that the DOC directed administrators to contemplate cost-saving measures, efficiencies, and reorganization ideas in order to address the enormous budgetary shortfall. The OLA administrator, along with others, discussed and developed a plan that was later implemented whereby the rehearing and grievance sections of the OLA were merged, with one person appointed to manage the combined sections, as opposed to a

---

[4] "Substantial evidence" means evidence that a reasonable person would find acceptably sufficient to support a conclusion. *Dep't of Community Health v Risch*, 274 Mich App 365, 372; 733 NW2d 403 (2007). This may be substantially less than a preponderance of evidence, but does require more than a scintilla of evidence. *Id.* For purposes of Const 1963, art 6, § 28, a decision is not "authorized by law" when it is in violation of a statute or a constitutional provision, in excess of an agency's statutory authority or jurisdiction, made upon unlawful procedure that results in material prejudice, or when it is arbitrary and capricious. *Northwestern Nat'l Cas Co v Comm'r of Ins*, 231 Mich App 483, 488-489; 586 NW2d 563 (1998).

-4-

manager for each section, which had been the status quo. Young had been a rehearing-section manager, and the grievance-section manager became the manager of the merged sections; Young was returned to an analyst position, which was the position that he had last held. While Young was tasked with many of the same duties in his new position, he was no longer a manager. And although there was evidence of personal animus by the OLA administrator toward Young, there was also evidence that abolishment of Young's position was motivated by administrative efficiency in reaction to DOC budget cuts. The trial court clearly erred in concluding that there was a lack of competent, material, and substantial evidence supporting the CSC's decision and in concluding that the CSC's findings were arbitrary and capricious. The circuit court effectively and improperly substituted its judgment for that of the CSC. See *Lenz v Mayor of Detroit*, 338 Mich 383, 393; 61 NW2d 587 (1953) (the circuit court cannot substitute its judgment for that of the CSC); *Crider v Michigan*, 110 Mich App 702, 716; 313 NW2d 367 (1981) ("A court of this state cannot substitute its judgment for that of an administrative board or commission acting within its duly granted powers.").

We reverse the circuit court's ruling and reinstate the CSC's decision. We decline to award taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle

-5-