*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VIVIAN JOHNSON,

        Plaintiff,

and

NORTHLAND RADIOLOGY, INC.,

        Intervening Plaintiff,

and

GREAT LAKES PAIN & INJURY
CHIROPRACTIC CENTER, LIVE WELL
HEALTH, LLC, and RED WINGS MEDICAL
TRANSPORTATION, LLC,

        Intervening Plaintiffs-Appellants,

v

FALLS LAKE NATIONAL INSURANCE
COMPANY,

        Defendant-Appellee,

and

DENNY MUNSON and KRISTY MARIE
CASTONGUAY,

        Defendants.

UNPUBLISHED
April 27, 2023

No. 357422
Oakland Circuit Court
LC No. 2020-179018-NI

Before: JANSEN, P.J., and O'BRIEN and HOOD, JJ.

HOOD, J. (*concurring*.)

-1-

I agree with the conclusions in the majority opinion. Relying on this Court's decision in *Farrar v Suburban Mobility Auth for Regional Trans*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket Nos. 358872 and 358884); slip op at 3-4, we must conclude that intervening plaintiffs' claims do not relate back and that the amended MCL 500.3145 does not apply retroactively. We must therefore affirm.

I write separately because this Court's holding in *Farrar* is incorrect. *Farrar* failed to discuss or distinguish binding authority that should have yielded a different result. Compare *Farrar*, ___ Mich App ___, ___; slip op at 3-4 (assignees' claims do not relate back), with *Botsford Gen Hosp v Citizens Ins* Co, 195 Mich App 127, 140-141; 489 NW2d 137 (1992) (claims of intervening plaintiff, a medical provider, relate back to the filing of the plaintiff's original complaint), and *Local Emergency Fin Assistance Loan Bd v Blackwell*, 299 Mich App 727, 740-741; 832 NW2d 401 (2013) (*Blackwell*). But for *Farrar*, I would agree that intervening plaintiffs' complaint relates back to the filing date of Johnson's original complaint, and reverse and remand for the application of the one-year-back rule using the filing date of Johnson's complaint.

## I. BACKGROUND

The majority opinion accurately describes the factual and procedural background of this case.

## II. STANDARDS OF REVIEW

The majority opinion also states the correct standards of review. Here, Falls Lake sought summary disposition under MCR 2.116(C)(10). This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *Id*. at 160 (citation and emphasis omitted). "Whether the relation-back doctrine is applicable is a question of law that this Court reviews de novo." *Blackwell*, 299 Mich App at 740-741. "The "issue of whether a plaintiff is the real party in interest is also a question of law that we review de novo." *Pontiac Police & Fire Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 621; 873 NW2d 783 (2015).

## III. BUT FOR *FARRAR*, WE SHOULD REVERSE

Recently, in *Farrar v Suburban Mobility Auth for Regional Transp*, this Court held, on facts similar to this case, that an assignee's claims do not relate back and that the amendments to MCL 500.5145 do not apply retroactively. *Farrar*, ___ Mich App ___, ___; slip op at 3-4. Relying on this published decision, we must affirm the trial court.

If, however, we were not bound by *Farrar*, I would conclude that the trial court erred when it concluded that the intervening complaint did not relate back to the date of Johnson's initial complaint. If intervening plaintiffs' complaint related back to the date Johnson filed her complaint, tolling under the amended MCL 500.3145(3) would be unnecessary. Under either the pre-amendment or post-amendment version of MCL 500.3145, intervening plaintiffs' claims would survive.

## A.  ASSIGNEES ARE NOT A NEW PARTY FOR THE PURPOSES OF THE RELATION-BACK DOCTRINE

The majority correctly observes that the "relation-back doctrine" or "relating back" is a concept that allows an amended pleading to benefit from a prior pleading's earlier filing date when determining whether a claim is barred by the limitations period.  See MCR 2.118(D); *Miller v Chapman Contracting*, 477 Mich 102, 106; 730 NW2d 462 (2007).  MCR 2.118(B) provides that an "amendment that adds a claim or defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading."

With limited exception, the "relation-back doctrine does not apply to the addition of new parties." *Miller*, 477 Mich at 106 (stating the general rule).  See also *Blackwell*, 299 Mich App at 741 (stating the general rule that the relation-back doctrine does not extend to the addition of new parties and holding that there is an exception for new plaintiffs, where the defendant had notice of the interest of the person sought to be added as a plaintiff, and the new plaintiff's claim arises out of the conduct); *Hayes-Albion Corp v Whiting Corp*, 184 Mich App 410, 418, 459 NW2d 47 (1990) (providing the same).[1]  But this Court has recognized exceptions to that general rule where the original plaintiff puts a defendant on notice of the new party's claims, and those claims arise out of the same occurrence.  *Blackwell*, 299 Mich App at 741, quoting *Hayes-Albion Corp*, 184 Mich App at 418.

Here, however, the trial court did not apply this exception.  Instead, the trial court determined that intervening plaintiffs, as new parties, were not entitled to the protection of the relation-back doctrine.  But an assignee is not exactly a new party.  See *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 204; 920 NW2d 148 (2018).  Rather, "[a]n assignee stands in the position of the assignor, possessing the same rights and being subject to the same defenses." *Id*.  Depending on the timing of the assignment and the nature of the claims, assignees, like the intervening plaintiffs, fall squarely within the exception stated in *Blackwell* and *Hayes-Albion*.  See *Blackwell*, 299 Mich App at 741; *Hayes-Albion*, 184 Mich App at 418.  See also *Botsford*, 195 Mich App at 127.

Relying on *Blackwell* and *Hayes-Albion*, the critical inquiries here are whether intervening plaintiffs had an interest in the subject matter of Johnson's initial complaint (they did) and whether Falls Lake was on notice of claims arising out of conduct so it could defend (they were).  Johnson filed suit on January 14, 2020, asserting claims against Falls Lake under her insurance contract and arising out of her accident and treatment with intervening plaintiffs.  Then, intervening plaintiffs, as Johnson's assignees, filed suit, on October 2, 2020, seeking the same benefits under Johnson's insurance contract.  Intervening plaintiffs stand in Johnson's shoes as her assignees and

---

[1] Although *Hayes-Albion* is not strictly binding pursuant to MCR 7.215(J)(1) because it was issued before November 1, 1990, as a published opinion, it nevertheless "has precedential effect under the rule of stare decisis" pursuant to MCR 7.215(C)(2).  See *Legacy Custom Builders, Inc v Rogers*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359213); slip op at 5 n 1.  The principles from *Hayes-Albion* on which we rely were largely restated in *Blackwell*, 299 Mich App at 741.

-3-

are asserting the same claims. Falls Lake was put on notice of the claims when Johnson filed her complaint, and the addition of intervening plaintiffs would not prejudice Falls Lake, because their claims arose out of the same transaction as Johnson's, and were identical with Johnson's, through assignment. Additionally, Falls Lake had notice of intervening plaintiffs, because they submitted bills to Falls Lake, which Falls Lake formally denied. Intervening plaintiffs' claims, therefore, should relate back.

This result would be consistent with this Court's reasoning in *Botsford*, 195 Mich App at 127. In *Botsford*, the injured party filed suit within the time permitted by the one-year-back rule, seeking reimbursement "for all reasonable charges, unlimited amount for medical and/or rehabilitative expenses and hospital charges." *Id*. at 140 (quotation marks omitted). Later, the intervening plaintiff, Botsford General Hospital, filed suit outside the time frame permitted by the one-year-back rule, seeking, as subrogee of the plaintiff's rights, "reasonable charges for medical treatment rendered to [the] Plaintiff . . . ." *Id*. This Court reasoned:

> The purpose of the one-year limitation is to protect against stale claims and protracted litigation. The notice to the insurer anticipated by the statute was provided in the first complaint, which was filed within the one-year limitation period. Botsford's claims did not change or enlarge the claims already in existence. Accordingly, we conclude that the trial court did not err in granting Botsford's motion to intervene . . . . [*Id*. at 140-141 (citation omitted).]

Similarly, here, Johnson sought payment of "all the necessary medical and hospital expenses" and for "all other medical rehabilitation expenses incurred as a result of the collision." Intervening plaintiffs sought "all rights and benefits to which [Johnson] is entitled under the No-Fault Act, pursuant to the executed valid assignment." Intervening plaintiffs did not enlarge Johnson's existing claims, meaning Falls Lake was on notice of intervening plaintiffs' claims when Johnson filed suit on January 14, 2020.

I am not persuaded by Falls Lake's reliance on *Jawad A. Shah, MD, PC v State Farm Mut Auto Ins Co*. Our holding in *Shah* is not directly applicable for two reasons. First, unlike this case, in *Shah*, this Court considered a healthcare provider filing its own action, independent of the injured party, and without assignment of the injured party's rights. See *Shah*, 324 Mich App at 187-188. Second, the provider in *Shah* sought leave to amend its complaint after becoming the injured party's assignee, following our Supreme Court's decision in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017).[2] See *Shah*, 324 Mich App at 187-188. This Court determined that the provider in *Shah* was a new party because it was asserting a different set of rights than it had at the outset of the case. *Id*. at 204-205. As the assignee of the injured party, the provider was no longer suing in its own capacity, but in the shoes of the injured party, and was therefore a different party. *Id*. *Shah*'s facts mirrored the facts in *Covenant*, where

---

[2] In *Covenant*, our Supreme Court held "that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." *Covenant*, 500 Mich at 196. See also *id*. at 217 n 40 (clarifying that the Court's holding was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider.").

a provider, who initially filed suit in its own capacity, sought to amend its complaint after receiving an assignment from the injured party. Compare *id*. at 186-191 with *Covenant*, 500 Mich at 196-198. Here, unlike *Shah*, the intervening plaintiffs are not attempting to raise new claims related to a different party. Instead, they are asserting the exact same claims that Johnson raised in her complaint. This factual distinction makes the *Shah* Court's analysis inapplicable to this case. Intervening plaintiffs never filed suit in any capacity except as Johnson's assignees.

## B.  IF INTERVENING PLAINTIFFS' CLAIMS RELATED BACK, THE CLAIMS WOULD SURVIVE UNDER BOTH VERSIONS OF MCL 500.3145

If we were to conclude that intervening plaintiffs' claims relate back to Johnson's initial filing date, the claims would survive under either version of MCL 500.3145. Under the post-amendment version of MCL 500.3145, the claims would benefit from the tolling provision. Under the pre-amendment version of MCL 500.3145, tolling would still be unnecessary. It does not matter which version of MCL 500.3145 is used, since there is no need for the tolling provision only found in the post-amendment version.

"The one-year-back rule in MCL 500.3145(1) is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Shah*, 324 Mich App at 202 (quotation marks and citation omitted). Under the plain language of either version, intervening plaintiffs are entitled to recover expenses they incurred up to one year before the commencement of the action. Because intervening plaintiffs' complaint would relate back to Johnson's filing date, all their expenses would fall within the one-year-back rule, and tolling would be unnecessary.[3] Johnson filed suit on January 14, 2020, and, according to the trial court, the first expense intervening plaintiffs incurred treating Johnson occurred on February 8, 2019. Using Johnson's filing date, intervening plaintiffs would be entitled to recover for expenses dating back to January 14, 2019, which would include all expenses intervening plaintiffs incurred treating Johnson.

Relying on this analysis, instead of that contained in *Farrar*, would make it unnecessary for us to determine which version of MCL 500.3145 applies to which portion of their claims. Likewise, it would be unnecessary for us address retroactivity of the amended MCL 500.3145.

## C.  REAL PARTY IN INTEREST

Intervening plaintiffs argue that the trial court erred when it determined that Johnson was not a real party in interest. But for *Farrar*, I would reach this issue and disagree. Here, the trial court did not actually determine whether Johnson was not a real party in interest to the entire case. Intervening plaintiffs' argument regarding Johnson being a real party in interest is irrelevant to their claims on appeal, and appears to be a misreading of the trial court's reasoning.

---

[3] If intervening plaintiffs' claims did not relate back, they would have to rely on the tolling provision contained in the post-amendment MCL 500.3145(3) to avoid most of their claims being time barred.

"An action must be prosecuted in the name of the real party in interest[.]" *Olin by Curtis v Mercy Health Hackley Campus*, 328 Mich App 337, 344; 937 NW2d 705 (2019) (citations omitted). "A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another." *Id*. (quotation marks and citations omitted). "The real-party-in-interest rule recognizes that litigation should be begun only by a party having an interest that will [ensure] sincere and vigorous advocacy." *Id*. at 345 (quotation marks and citation omitted; alteration in original). "The rule also protects the defendant by requir[ing] that the claim be prosecuted by the party who by the substantive law in question owns the claim asserted against the defendant." *Id.* (quotation marks and citation omitted; alteration in original).

The language in the trial court's opinion, which appears to have induced intervening plaintiffs to make this argument, states:

> Johnson filed a response in which she argues that if the claims of Intervening Plaintiffs are barred, she should be permitted to litigate such claims in their place, or be held harmless from liability to them. Johnson does not have the right to litigate the claims of Intervening Plaintiffs, because she assigned those rights. See *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 412; 875 NW2d 242 (2015) ("an assignee of a cause of action becomes the real party in interest with respect to that cause of action, inasmuch as the assignment vests in the assignee all rights previously held by the assignor"); 6A CJS, Assignments, § 88 ("[A]n assignment divests the assignor of any interest in the subject matter of the assignment."); 1 Michigan Civil Jurisprudence, Assignments, § 1 ("An assignment of a right is a manifestation of the assignor's intention to transfer it by virtue of which the assignor's right to performance by the obligor is extinguished in whole or in part, and the assignee acquires a right to such performance."). Further, Johnson cites no authority for her argument that she should be held harmless from liability to the Intervening Plaintiffs, and that issue is not presently before the Court.

The trial court, in this portion of its opinion, was addressing Johnson's response to Falls Lake's motion for partial summary disposition of intervening plaintiffs. It has no bearing on intervening plaintiffs' claims. The record does not appear to indicate the trial court determined whether Johnson was a real party in interest to the case as a whole, only that she was not permitted to litigate intervening plaintiffs' claims on their behalf. Furthermore, this determination had no impact on the trial court's decision regarding intervening plaintiffs' claims, and is therefore irrelevant to intervening plaintiffs' arguments on appeal. But because we are bound by *Farrar* and I would resolve this case on other grounds, this analysis is unnecessary.

IV. UNDER *FARRAR*, INTERVENING PLAINTIFFS' CLAIMS DO NOT RELATE BACK

Relying on this Court's recent decision in *Farrar v Suburban Mobility Auth for Regional Transp*, we must conclude that intervening plaintiffs' claims do not relate back, and we must affirm. But I believe *Farrar* was wrongly decided.

As the majority observes, in *Farrar*, this Court held that an assignee's claims do not relate back. *Farrar*, ___ Mich App at ___; slip op at 4-5, citing *Lakeland Neurocare Ctrs v Everest Nat'l Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued October 8, 2019 (Docket

Nos. 340346 and 340349). This conclusion binds us. See MCR 7.215(J)(1). Applying *Farrar* to this case yields a single result: intervening plaintiffs' claims do not relate back to Johnson's original filing date.

*Farrar* also held that the amendments to MCL 500.3145 do not apply retroactively. *Farrar*, ___ Mich App at ___; slip op at 3-4. Under my preferred analysis in Section III, we would not have to reach this issue. Nonetheless, *Farrar*'s holding regarding the relate-back doctrine requires us to also conclude that intervening plaintiffs' claims (or a portion of their claims) do not benefit from the amendments to MCL 500.3145.

Because of these conclusions, we must affirm. Specifically, the trial court did not err when it concluded that intervening plaintiffs' claims that accrued prior to October 2, 2019, are barred. In effect, this bars all of Live Well's claims, and all of Red Wings' and Great Lakes' claims that accrued before October 2, 2019.

We are bound by *Farrar*, but it was wrongly decided for four reasons. First, *Farrar* did not analyze or discuss the binding precedents from this Court that yield a different result. This includes *Blackwell*, *Hayes-Albion*, and *Botsford*. Second, *Blackwell* and *Botsford* are strictly binding, see MCR 7.215(J)(1); *Farrar* is silent on how, if at all, it is distinguishable from these precedents. This is particularly concerning because the holding in *Farrar* appears to directly conflict with the holding in *Botsford*. Compare *Farrar*, ___ Mich App ___, ___; slip op at 3-4; with *Botsford*, 195 Mich App at 140-141. Third, *Hayes-Albion*, though not strictly binding, is still precedent under the doctrine of *stare decisis*. See MCR 7.215(C)(2); *Legacy Custom Builders, Inc v Rogers*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359213); slip op at 5 n 1. To the extent *Farrar* overrules *Hayes-Albion* or distinguishes it, the opinion is silent. Finally, in lieu of relying on these published authorities, *Farrar* appears to have relied exclusively on a single unpublished case from this Court. See *Farrar*, ___ Mich App at ___; slip op at 4-5, citing *Lakeland Neurocare Ctrs*, unpub op. For these reasons, I believe *Farrar* was wrongly decided.

## V. CONCLUSION

Relying on *Farrar,* we must conclude that the trial court did not err in concluding that intervening plaintiffs' claims did not relate back to Johnson's initial filing date. We must also conclude that it did not err in finding that MCL 500.3145 did not apply retroactively. I, therefore, concur in the result.

For the reasons stated above, but for *Farrar*, I would conclude that intervening plaintiffs' claims relate back. Because relating the intervening complaint back to Johnson's filing date would permit intervening plaintiffs to recover all their claims under the one-year-back rule, regardless of which version of MCL 500.3145 were applied, analysis of the tolling provision in the post-amendment version of MCL 500.3145, or the trial court's application of it, would be unnecessary. I would also conclude that the trial court's conclusions regarding real-party-in-interest do not affect this analysis, so intervening plaintiffs' arguments on that issue are misplaced.

With respect, I concur.

/s/ Noah P. Hood